# Walker *v.* The State.

## *Murder.*

(Decided Jan. 23, 1908.  45 South. 640.)

1. *Jury; Summoning; Mistake in Name of Juror.*—A mistake in the name of a venireman is not sufficient grounds to quash the venire. under the express provisions of section 5007; such juror should be discarded and another substituted.

2. *Same; Capital Cases; Separate Venire; Necessity For.*—A separate venire is necessary for each capital case, and the court should always draw a venire for each capital case.

3. *Same; Qualifying Questions.*—After the court has sworn a juror and propounded the qualifying statutory question, it is within the discretion of the court to permit or not other questions to be asked the juror, and not revisable.

[Walker v. The State.]

4. *Same; Challenge; Juror a Witness; Excused by Court.*—While the fact that a juror drawn to try a capital case has been subpoenaed as a witness in said cause constitutes good ground for challenge for cause, the court must not, of its own motion, discharge the juror, as the cause may be waived.

5. *Criminal Law; Evidence; Opinion; Appearance or Condition.*—Where the evidence tended to show that the defendant inflicted the blows from which the deceased died, and that the person who inflicted them wore overalls, a witness who was present when defendant was arrested and a suit of overalls found, was properly allowed to testify that the knees of the overalls looked like the blood had been washed off, as such was the statement of a fact and not of an opinion.

6. *Same; Matters of Opinion.*—The statement of a witness that in his judgment there were bloody prints on defendant's shirt, was the expression of a mere opinion and not admissible.

7. *Same; Showing; Evidence as to.*—Where defendant offered in evidence a showing for a named witness, it was competent to show by those acquainted with the facts that no such person lived in the community.

8. *Homicide; Reasonable Doubt.*—A charge asserting that if there was one single fact proved to the jury's satisfaction which was inconsistent with defendant's guilt, that is sufficient to raise a reasonable doubt, and the jury should acquit, correctly states the law.

9. *Criminal Law; Venue; Proof.*—The venue of a crime should never be left in doubt or to be supplied by inference when it may be readily proven.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Henry Walker was convicted of homicide, and he appeals. Reversed and remanded.

See 146 Ala. 45, 41 South. 878.

Defendant is indicted for killing Maggie Dickerson by striking her with an ax or a pistol, or with some other instrument unknown to the grand jury. The facts as to the motion to quash the venire and as to objections to testimony are sufficiently stated in the opinion. The defendant requested the following charge, which was refused: "(1) I charge you, gentlemen of the jury, that, if there is one single fact proved to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit the defendant."

L. D. GRAY, and JOHN A. COLEMAN, for appellant. The court erred in refusing to quash the venire.—*Chamblee v. The State,* 78 Ala. 466. The court erred in excusing the juror Elliott on his own motion, 44 Ala. 393; 115 Ala. 25. Counsel discuss other assignments of error but cite no authority.

ALEXANDER M. GARBER, Attorney General, for the State. The motion afforded no grounds to quash the venire.—*Bell v. The State,* 115 Ala. 25. The defendant had no right to question the .jurors.—*Hawes v. The State,* 88 Ala. 66. The court erred in excusing the juror Elliott.—*Bell v. The State, supra; Scott v. The State,* 133 Ala. 112. The dying declarations were properly admitted.—*Johnson v. The State,* 102 Ala. 1; *Walker v. The State,* 140 Ala. 45.

DENSON, J.—The motion to quash the venire is based on six grounds, the first four of which are predicated on mistake in the names of special veniremen. These grounds furnished no valid reason for a quashal of the venire. The extent of the defendant's right, in this respect, was to have the names discarded and other jurors summoned in their stead.—Code 1896, § 5007; *Bell's Case,* 115 Ala. 25, 22 South. 526; *Longmire's Case,* 130 Ala. 66, 30 South. 413; *Jones' Case,* 104 Ala. 30, 16 South. 135.

The other grounds of the motion to quash are that the special venire in this case was also drawn and summoned to try another capital case at the same term of the court. Unless otherwise controlled by statute (and there is no statute of the kind applicable to the courts of Walker county of which we are advised), it is the law in this jurisdiction that each capital case must have its

own separate venire; and it is error to draw and summon only one for two or more cases.—*Chamblee's Case,* 78 Ala. 466; *Evans' Case,* 80 Ala. 6; *Hunt's Case,* 135 Ala. 1, 33 South. 329; *Adams' Case,* 133 Ala. 166, 31 South. 851. As the case must be reversed on a point to be hereafter stated, it is not necessary to determine at this time whether, under the facts shown on the trial of the motion, the case is withdrawn from the influence of the principle stated. However, we remark that it is always safer for the trial court to follow the precedents.

After a juror has been sworn and examined by the court touching his qualifications for service, and declared competent, the court may as matter of grace allow the defendant to ask him additional questions; but it is not a matter of right, and the refusal by the court to allow additional questions will not constitute error. —*Lundy's Case,* 91 Ala. 100, 9 South. 189; *Bales' Case,* 63 Ala. 38; *Hawes' Case,* 88 Ala. 66, 7 South. 302.

That a juror has been subpoenaed as a witness in the case is a good ground of challenge for cause; but it is reversible error for the trial court of its own motion, and against the objection of the defendant, to excuse a juror on this ground, as the cause of challenge may be waived. The trial court, therefore, committed error in excusing the juror G. S. Elliott, which, under the decisions of this court, must work a reversal of the judgment of conviction and a remandment of the cause.—*Bell's Case,* 115 Ala. 25, 22 South. 526; *Scott's Case,* 133 Ala. 112, 32 South. 623.

The evidence tended to show that the defendant inflicted the blows from the effects of which deceased died. It also tended to show that at the time the blows were inflicted the person who inflicted them wore overalls; and the deceased stated to the defendant, when he was carried before her for identification and in her dying

declaration, that he had on the shirt he was then wearing and that the bloody prints of her fingers could be found on the shirt where she pushed him off. The evidence further tended to show that, at the time the defendant was arrested at his house for this offense, his clothes were seen there, and that amongst them a suit of overalls was found, in a sack at the head of his bed, with a bloody stain on the knees of the garment. The witness Davidson, who was present when the overalls were found, was allowed by the court, against the objection of the defendant, to testify that the knee of the overalls looked like the blood had been washed off. It is urged here that this was merely the expression of the opinion of the witness, and that the court erred in allowing it as evidence. The appearance of the overalls was a fact, and for the witness to testify that "one knee of them looked like the blood had been washed off" was a shorthand rendering of the fact, and not the expression of an opinion. The same is applicable to the similar point made against the testimony of witness J. S. Moore.—*Perry's Case,* 87 Ala. 30, 6 South. 425; *Watkins' Case,* 89 Ala. 82, 8 South. 134; *Mayberry's Case,* 107 Ala. 64, 18 South. 219; *Smith's Case,* 137 Ala. 22; *Orr's Case,* 117 Ala. 69, 23 South. 696; *Fuller's Case,* 117 Ala. 36, 23 South. 688; *McClendon's Case,* 63 Ala. 266; *Evans' Case,* 120 Ala. 269, 25 South. 175. But the evidence of J. S. Moore that in his judgment there were bloody prints on the defendant's shirt can be no more than the expression of an opinion, and should have been excluded on the defendant's motion. The dying declarations of the deceased were properly admitted.

There is no evidence tending to connect Joe Dickinson with the commission of the offense; and, if there were, the state would not be bound by the ex parte statement made by Mrs. Dickinson (the deceased), a few

[Walker v. The State.]

days before the crime was committed, to the effect that Joe Dickinson (her husband) had beaten her and kicked her out of the house.—*Walker's Case*, 139 Ala. 56, 66, 35 South. 1011.

The defendant having offered in evidence the showing for the witness Babe Roden, it was "competent, relevant and material" to show that no such person as Babe Roden lived at Cordova. Hence the objections to such proof were properly overruled. But, in order to qualify the witnesses to give testimony of such fact, it should first be shown that they are sufficiently acquainted with the names of the citizens of the community to authorize them to speak in respect to it.

Charge 1, requested by the defendant, asserts a correct proposition, and should have been given.

It is insisted that the general affirmative charge requested by defendant should have been given, because the evidence does not show the venue. No witnesses testified that the offense was committed in Walker county, but the evidence shows that it was committed in Cordova. As the case is to be reversed on the points indicated, it is unnecessary to determine whether the court takes judicial knowledge that Cordova is in Walker county; hence it is not necessary to determine whether the affirmative charge should have been given. But, whether the court takes such judicial knowledge or not, a fact of such importance as the venue should never be left in a state of doubt, nor to be supplied by inference, when it may be readily proved.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.