# Glenn v. The State.

## Murder.

(Decided Dec. 17, 1908. 47 South. 1034.)

1. *Witnesses; Examination.*—It is competent to refresh the memory of a witness by reminding him of the testimony given by him before the grand jury.

2. *Homicide; Evidence; Res Gestae.*—The fact that the accused used profane language to the deceased at the time of the difficulty, is

[Glenn v. The State.]

admissible as shedding light upon the manner and frame of mind of the accused at the time, and as part of the res gestae of the transaction.

3. *Same; Evidence of Venue.*—Where a witness testified that the murder was committed at a certain named station on a certain car line, 'in this county" and the trial was held in a certain county, the evidence of the venue was sufficient, although there was no direct evidence that the killing occurred in that county.

4. *New Trial; Criminal Case.*—This court will not review the judgment of the trial court refusing a motion to grant a new trial in a criminal case.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Rosa Glenn was convicted of murder, and appeals. Affirmed.

The evidence of Edwards, objected to, was as follows: In response to the question to "tell the jury the best you can about the difficulty," the witness answered, "She [the defendant] cursed Idelia Ashley." The solicitor asked the witness Jack Washington, "Did you not state before the grand jury that defendant used curse words first?" and he answered, "Yes; I think I stated that before the grand jury." The evidence as to venue was as follows: That the act was committed at Riley Station, on the South Bessemer car line, in this county; but none of the witnesses stated that it was committed in Jefferson county.

ROBERT L. LEATHERWOOD, for appellant. Newly discovered evidence is ground for new trial.—Sec. 5372, Code 1907; *McLendon v. McKissack,* 143 Ala. 118. There was no proof of venue.—35 South. 30. The court erred in permitting the argument of counsel.—17 Cyc. 28; 13 South. 575. The court erred in admitting evidence of the witness Edwards.—119 Ala. 606; 136 Ala. 76; 17 Cyc. 28.

ALEXANDER M. GARBER, Attorney General, for the State.

[Glenn v. The State.]

DENSON, J.—The defendant was tried and convict-ed under an indictment which charged her with the mur-der of Idella Ashley, and was sentenced to the peniten-tiary for 20 years. There is no merit in the objections interposed and motions made in respect to the testimony of the witness J. M. Edwards.

The testimony of Jack Washington is not set out in the bill of exceptions, but evidently, from the question propounded to him, and objected to, the solicitor deem-ed it necessary to refresh his memory; and it was com-petent for him to do so, by reminding the witness of his testimony given before the grand jury.—*Thompson's Case,* 99 Ala. 173, 13 South. 753.

That defendant made use of profane language to the person she is alleged to have killed, at the time of the difficulty, was proper to be shown, as shedding light up-on the manner and disposition of the defendant; and it was also admissible, upon the doctrine of res gestae.

While the witness did not, in so many words, testify that the killing occurred in Jefferson county, yet the trial was had in that county, and the bill of exceptions recites that they "testified that said act was committed at Riley Station, on the South Bessemer car line, in this county." No other meaning could, under the circum-stances, be attached to this testimony than that the kill-ing occurred in Jefferson county. Therefore the theory of the defendant that there was no evidence of the venue is without foundation in fact, and the affirmative charge requested by her was properly refused.

This court will not review the judgment of the trial court, overruling a motion for a new trial in a criminal case.—*Burrage's Case,* 113 Ala. 108, 21 South. 213.

There is no error in the record, and the judgment of conviction must be affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., con-cur.