# Simmons *v.* The State.

## *Murder.*

(Decided Feb. 18th, 1909.   48 South. 606.)

1. *Homicide; Indictment; Instrument Used.*—An indictment is not invalid because it charged that the killing was done by shooting him with a gum, instead of a gun.

2. *Same; Evidence.*—It is not competent to show by a witness why such witness advised the defendant, after the homicide, to go to another state.

3. *Same.*—Where the defense attempted to show that the deceased had a pistol and was attempting to use it at the time of the homicide, it was competent for the state to show by the wife of deceased that at that time deceased's pistol was in his trunk.

4. *Same; Instructions; Self Defense.*—A charge on self defense which fails to require freedom from fault on the part of the defendant in bringing on the difficulty, is properly refused.

5. *Same.*—A charge asserting that in order to entitle defendant to an acquittal on his plea of self defense, at the time the fatal shot was fired there must have been a present, impending necessity, real or apparent, to fire to protect himself from such impending real or apparent danger, and that there was no other reasonable mode of escape from such danger and the defendant must not be in fault in bringing on the difficulty, is a proper charge.

6. *Witnesses; Competency; Voir Dire; Discretion of Court.*—It is within the discretion of the trial court to allow the state's counsel to examine a child 12 years old as to his religious training, and his knowledge of the obligations of an oath; and when such child testifies that he has been to Sunday School, knows of God and Jesus Christ, and that good boys and boys who tell the truth go to heaven, while bad boys and liars go to the bad world, is competent as a witness.

7. *Indictment and Information; Quashing; Grounds; Grand Jury.* —It is not grounds for the abatement or quashing of an indictment that the key to the jury box was not deposited with the County Treasurer, and that the grand jury returning the indictment was drawn from such box.

8. *Charge of Court; Reasonable Doubt.*—A charge asserting, it is not every doubt that justifies an acquittal, because every thing pertaining to human affairs may be subject to some doubt. A doubt must be reasonable, such as grows out of the sufficiency of the evidence to convince the jury to a moral certainty of defendant's guilt, is a proper charge.

9. *Same.*—Such a doubt as leaves the minds of the jury, in view of all the evidence, in a state of reasonable uncertainty as to the guilt of the defendant, is a proper definition of a reasonable doubt.

10. *Same.*—A charge asserting that if there is one single fact proven to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and authorize an acquittal, is proper and its refusal error.

11. *Same; Grounds; Character.*—Proof of good character of a defendant is not sufficient of itself to raise a reasonable doubt of guilt.

12. *Same; Covered by Those Given.*—It is not error to refuse instructions substantially covered by written instructions given.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Walter Simmons was convicted of murder in the second degree, and appeals. Reversed and remanded.

The pleas in abatement are sufficiently set out in the opinion. The demurrers thereto are in the following form: "Comes the state, by its solicitor, and demurs to the plea in abatement filed to the indictment in the above-entitled cause, and assigns the following grounds: (1) Said plea alleges that the defendant's name is Walter Simmons, and not Walter Summons, whereas said indictment shows that the defendant is charged by the name of Walter Simmons, and he is nowhere in or on said indictment called or charged by the name of Walter Summons. (2) The defendant is charged in said indictment as Walter Simmons, and by his plea he avers that is his name. (3) It is not averred in defendant's third plea or ground for quashing the indictment

that the matter therein set out as a matter of abatement of the indictment in any way prejudices the substantial rights of the defendant, and it does not appear that his substantial rights were in any way prejudiced by the matters so averred. (4) It is not averred in the plea in abatement that the grand jury, or any members of the grand jury, were not drawn in the presence of the officials designated by law." Counsel for appellant contends that the demurrers should admit the fact pleaded and submit to the court the law arising on that fact

The witness Lee Smith being called, an objection to his competency as a witness was raised by the defendant, and the court directed the state's attorney to examine him on his voir dire, when the following answers were made: "I am 12 years old. I go to Sunday school. I have heard of God and Jesus Christ. Bad boys go to the bad world, and good boys go to heaven. Boys who tell the truth go to heaven, and boys who swear to lies go to the bad world." Will Gilley was asked by defendant's counsel: "What prompted you to make that suggestion to him (defendant) about going to Utah?" The witness answered: "He had no money or influential friends to stand by him in court. I had been informed that the Smiths would kill him. I knew they had considerable influence, and would swear anything in court; and I thought it best for the boy to go to Utah, where his people were."

The following chages were given at the request of the state: "(1) It is not every doubt that justifies an acquittal, because everything pertaining to human affairs may be subject to some doubt. A doubt must be reasonable, such as grows out of the sufficiency of the evidence to convince the jury to a moral certainty of the defendant's guilt. (1½) The state is not required to prove the defendan's guilt to an absolute or mathe-

matical certainty, but only to a moral certainty. If the jury is morally certain of the defendant's guilt, they should find him guilty. (2) There are three well-defined elements of self-defense: At the time the fatal shot was fired, there must have been a present and impending necessity, real or apparent, to fire to protect himself from such impending real or apparent danger; and that there was no other reasonable mode of escape from such danger; and the accused must not be at fault in bringing on the difficulty. (3) The doubt that justifies an acquittal must be reasonable doubt, such a doubt as leaves the mind of the jury, in view of all the evidence, in a state of reasonable uncertainty as to the guilt of the defendant."

The fourth charge given at the request of the defendant is as follows: "(4) If you find from all the evidence in the case that there is a probability of defendant's innocence, you must acquit."

The following charges were refused to the defendant: "(A) The court charges the jury that if there is a probability of defendant's innocence you should acquit him. (B) I charge you, gentlemen of the jury, that, if there is one single fact proved to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit. (C) If the prisoner has proved a good character as a man of peace, the law says that such good character may be sufficient to create or generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character. (D) If the jury believe from the evidence that deceased was in the act of drawing a pistol from his pocket, and that the defendant was approaching the door of the room where deceased was at the time, and the defendant, upon seeing the deceased in the act of drawing his said pistol

and hearing him threaten to use the same, shot the deceased, then the defendant had a right to act upon the reasonable appearance of things at the time. (E) If the jury believe from the evidence that the name of the defendant was not as charged in the indictment, then they should acquit the defendant. (F) If the jury believe from the evidence that the name of the defendant is not Walter Summons as charged in the indictment, then they should acquit him. (G) If the jury believe from the evidence that the deceased was shot with a gun, then they should acquit the defendant. (H) If the jury believe from the evidence that deceased was shot with a gun, and not with a gum, as charged in the indictment then they should acquit the defendant. (I) If the jury believe from the evidence that the name of of defendant is Walter Simmons, and that he was known by that name and by no other, then the jury should acquit the defendant."

LAWRENCE E. BROWN, for appellant. Appellant insists that the several grounds of demurrer to the indictment were well taken, as will readily be seen from an inspection of the original indictment which has been sent up with the transcript from the Court below under an order of the trial judge. *Parker's Case,* 114 Ala. 690; *Munker's Case,* 87 Ala. 84; *Lynes Case,* 5 Porter 240; *Gilmore's Case,* 126 Ala. 34; *Digg's Case,* 49 Ala. 311; 1 Mayfield 719, page 65. It might have been a permissable use of discretion for the court to have allowed the State's attorney to add such questions as he desired but to permit the entire examination to be conducted by the State's attorney was clearly wrong.—*Carter's Case,* 63 Ala. 52. Special written charge "a" asked by defendant's counsel asserts a correct principal of law applicable to the case and should

have been given, unless the Court should hold it a dupli-
cate of given charge 4.—*State v. Fleming*, 43 So. 221.
Special written charge "b" asked by defendant's coun-
sel asserts a correct principal of law applicable to the
case and should have been given, as requested. It is
duplicated by no given charge.—*The State v. Walker*,
45 So. 640. Special written charge "c" asserts a cor-
rect principal of law applicable to the case. It should
have been given unless duplicated by given charge 9 or
13.—*The State v. Field*, 47 Ala. 603.

ALEXANDER M. GARBER, Attorney-General, and THOS.
W. MARTIN, Assistant Attorney-General, for the State.
The plea was properly overruled.—*McLeroy v. The
State*, 120 Ala. 274; Sec. 7134, Code 1907. Smith was
competent to testify.—*Wade v. The State*, 59 Ala. 52.
Charge 2 was proper.—*Jackson v. The State*, 94 Ala.
90. The same may be said of charge 3.—*Welsh v. The
State*, 96 Ala. 92. The court erred in refusing charge c.
—*Fields v. The State*, 47 Ala. 603. Charge b was prop-
erly refused.—*Lodge v. The State*, 122 Ala. 107.

SIMPSON, J.—The appellant was indicted for the
crime of murder in the first degree, and was convicted
of murder in the second degree. The demurrer to the
indictment, based on the ground that it charges the kill-
ing to have been done with a "gum," is without merit.
Any person of "common understanding" knows that it
was intended to be with a "gun," Code 1907, § 7134.
The expression is, "shooting him with a gum." The
word "gum," in this connection, cannot mean anything
else than "gun," as there is no such thing as a "gum"
with which a man could be shot.

The plea in abatement, that the defendant's name is
"Simmons" and not "Summons," is without merit, as
an inspection of the original indictment, which is certi-

fied to this court, shows that the word is "Simmons."

The other ground of abatement is likewise without merit, to wit, that the key to the jury box was not deposited with the county treasurer.—*McLeroy v. State,* 120 Ala. 274, 25 South. 247; *Linnehan v. State,* 116 Ala. 471, 478, 22 South. 662; Code 1907, § 7256.

There was nothing in the form of the demurrer to the pleas in abatement which made it necessary to overrule it.

There was no reversible error in allowing the solicitor for the state to examine the witness Lee Smith, on his voir dire, as to his having sufficient knowledge to understand the obligation of an oath. This is a matter which rests in the sound discretion of the court, to examine the proposed witness itself or permit counsel to examine him.—*Carter v. State,* 63 Ala. 52, 35 Am. Rep. 4; *Henderson v. State,* 135 Ala. 43, 44, 33 South. 433.

The witness was competent to testify.—*McGuff r. State,* 88 Ala. 147, 150, 7 South. 35, 16 Am. St. Rep. 25; *Wade v. State,* 50 Ala. 164, 166; *Castleberry v. State,* 135 Ala. 24, 27, 33 South. 431; 5 Mayfield's Dig. p. 972,, 973.

There was no error in striking from the showing as to the witness Bud Reeves, the statement in regard to the "wife and various members of the Smith family" doing all in their power to prevent him from telling what he saw and heard. This was the mere conclusion of the witness. He should have stated what was said to him, and who said it.

The question to the witness Gilley as to why he advised his nephew (defendant) to go to Utah, and the answer thereto, were properly excluded.

Testimony had been given on the part of the defense tending to show that the deceased had a pistol and was attempting to use it. It was, therefore, proper to allow his wife to testify that his pistol was in his trunk.

[Simmons v. The State.]

There was no error in the charges given at the request of the state.—*Coleman v. State*, 59 Ala. 52; *Welsh v. State*, 96 Ala. 92, 11 South. 450; *Jackson v. State*, 94 Ala. 90, 10 South. 509.

Charge A, requested by the defendant, is substantially the same as charge 4 given at his request.

Charge B, requested by the defendant, should have been given.—*Walker v. State*, 153 Ala. 31, 45 South. 640.

There was no error in the refusal to give charge C, requested by the defendant.—*Goldsmith v. State*, 105 Ala. 9, 12, 16 South. 933; *Crawford v. State*, 112 Ala. 3, 13, 24, 21 South. 214; *Eggleston v. State*, 129 Ala. 81, 84, 30 South. 582, 87 Am. St. Rep. 17; *McClellan v. State*, 140 Ala. 100, 101, 103, 37 South. 230.

There was no error in refusing to give charge D, requested by the defendant. It omits any mention of freedom from fault by the defendant in bringing on the difficulty; also of the duty to retreat.

There was no error in the refusal to give charges E, F, G, H, and I, requested by the defendant. The matters therein have been treated of in discussing the pleas in abatement and the demurrers thereto.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.