# Streety *v.* The State.

### *Murder.*

(Decided June 30, 1909.   Rehearing denied Dec. 16, 1909.—51 South. 415.)

1. *Homicide; Evidence; Motive.*—Where the evidence of a killing is entirely circumstantial, in forming the chain, many circumstances whose prohibitive force is very slight must be allowed, and hence, the evidence as to what the defendant said just prior to the death of his wife as to time and conditions, was properly admitted as in connection with other facts, it might have a bearing on the question of motive.

2. *Same; Harmless Error.*—Questions as to whether defendant went to sleep after the searching party had looked for his wife until three o'clock in the morning and were all resting on the porch, and as to whether during the search he said what he thought had become of her with the answer that he did not, and as to whether he made any suggestion about where to search, and the answer that he did not, if error, were harmless.

3. *Same.*—The admission of evidence that the defendant told a witness several days after his wife's death that he never expected to go with another girl while he was drunk, was harmless if error.

4. *Same; Circumstantial Evidence.*—Evidence that the defendant exclaimed, "Oh, she is shot!" and that he said nothing when someone proposed to send for dogs, and did not offer to contribute any money to send for them, was admissible as a slight circumstance in the chain of circumstantial evidence.

5 *Appeal and Error; Harmless Error; Admission of Evidence.*—Any error in asking a witness whether he told another, on the day of the preliminary trial, as to what another witness would swear, was harmless.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN W. INZER.

Walter Streety was convicted of murder and he appeals. Affirmed.

HOWARD & HUNT, for appellant.—The court erred in admitting what the defendant said prior to the killing relative to the condition of his wife and hard times.— *Caddle v. The State*, 129 Ala. 65. The evidence as to the defendant's going to sleep during the search and as to what he said as to the whereabouts of his wife, should have been excluded.—*Davis v. The State*, 131 Ala. 10; *Perry v. Johnson*, 59 Ala. 648; 3 Ency. of Evid. 148; 1 Greenl., Sec. 197. The court erred in permitting Barbour to say that he told Mr. Sterns what Tom Roberts would testify on the day of the preliminary.— *Childs v. The State*, 55 Ala. 25; *McKelton v. The State*, 86 Ala. 594; *Jones v. The State*, 115 Ala. 93.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State.—The court did not err in the admission of testimony.—*Bush v. The State*, 136 Ala. 85; *McAdory v. The State*, 62 Ala. 154; *Barker v. The State*, 126 Ala. 69; *Sanders' Case*, 134 Ala. 83; *Kelsoe v. The State*, 47 Ala. 573; *Overstreet v. The State*, 46 Ala. 30. In any event, most of the evidence objected to was harmless and was without injury.—Sec. 6264, Code 1907.

SIMPSON ,J.—The appellant was convicted of the crime of murder in the first degree, and his punishment fixed at imprisonment in the penitentiary for life.

The person murdered was the defendant's wife, and the witness Bland was allowed to testify that the defendant had said to him, about a week before the death of his wife, that she was going to give birth to a child,

that times were hard and work cheap, and he (the defendant) did not know how he was going to get along. This was objected to, and the objection overruled. There was no error in this. The evidence with regard to the killing was entirely circumstantial, and, in forming a chain of circumstantial evidence, many circumstances, whose probative force is very slight, must be allowed. Although the probative force of this testimony was slight, yet, in connection with other facts, it might have a bearing on the question of motive, and was properly admitted.—*Sanders v. The State*, 134 Ala. 83, 32 South. 654; *Kelsoe v. State*, 47 Ala. 573, 598; *Overstreet v. State*, 46 Ala. 30, 34.

While the question asked of the witness Richardson as to whether the defendant went to sleep (after they had searched for his wife until 3 o'clock in the morning and were all resting on the porch), and the answer thereto, do not seem to have any bearing on the case, yet we cannot see, on the other hand, how it could work any injury to the defendant. Consequently the court cannot be put in error for overruling the objection.

The same is true with regard to the question to the same witness as to whether, during the search, the defendant said what he thought had become of his wife, and the reply, "No, he did not." Also with regard to the question to the witness Pope as to whether the defendant made any suggestion about where to search, and the answer that he did not. As to the refusal to exclude from the jury the exclamation of the defendant, "Oh! she is shot!" while it was a slight circumstance, yet, in accordance with what has been said about circumstantial evidence, it was admissible, as was also the fact that the defendant said nothing when it was proposed to send for the dogs, and that he did not offer to contribute any money to send for the dogs.

The remark by defendant to the witness Barber that he never expected to go with another girl, when he was ·drunk, made several days after his wife's death, was harmless, and there was no error in the refusal to ex-.clude it. The same is true as to the question to the wit-- ness Barber as to whether he had told Mr. Starner on the day of the preliminary trial as to what Tom Roberts would swear.

There being no error apparent on the record, the ·judgment of the court is· affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.