[Kirkwood v. The State.]

# Kirkwood *v.* The State.

## *Murder.*

(Decided Jan. 11, 1912.   57 South. 504.)

1. *Jury; Grand Jury; Summoning; Number.*—Where there were fifteen persons on the venire for the grand jury who were summoned and appeared, but one of which was excused, the court properly directed the sheriff to summons two qualified citizens from which to complete the venire, as this was equivalent to directing him to summons from the qualified citizens twice the number of persons required to complete the grand jury, under section 5023, Code 1896 ,and hence, such order did not invalidate the grand jury where it was composed of fifteen qualified persons.

2. *Indictment and Information; Quashing; Grounds.*—Under section 5269, Code 1896, an objection to a grand jury may not be taken because the court in ordering the sheriff to summons the persons to complete the panel, did not use the language of section 5023, Code 1896.

3. *Homicide; Evidence; Subsequent Conduct of Accused.*—In prosecuting for homicide it is competent for the state to show that after killing the deceased, the defendant resisted arrest and shot at one attempting to arrest him, and that immediately after firing the second shot, he fled from the scene.

4. *Evidence; Other Offenses.*—Where the evidence is relevant to the crime charged it is not rendered inadmissible because tending to prove defendant's guilt of another offense.

5. *Charge of Court; Reasonable Doubt.*—Where there were conflicts in the evidence, it was error to refuse to charge that if there was one fact proved which was inconsistent with the guilt of the defendant, there was a reasonable doubt necessitating an acquittal.

APPEAL from Winston Circuit Court.

Heard before Hon. G. O. CHENAULT, Special Judge.

Will Kirkwood was convicted of murder in the second degree, and he appeals.   Reversed and remanded.

The matters not sufficiently appearing from the opinion are as follows: Charge requested by and refused to the defendant:   (23) "I charge you, gentlemen of the jury, that if there is one single fact proved to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable

doubt, and the jury should acquit him." Charge 38 is in almost the exact language.

JAMES J. RAY, for appellant. The point that the indictment was void was properly raised by plea in abatement, and if the indictment was void, the point could not be waived.—*Findley's Case,* 61 Ala. 201; *Hall's Case,* 134 Ala. 90; *Trammel's Case,* 151 Ala. 19. After motion to quash the defendant pleaded in abatement, and the state joined issue thereon.—*Nordens Case,* 143 Ala. 21. The court erred in the manner in which the panel of the grand jury was completed.—Sec. 5023, Code 1896; *Findley v. The State, supra; Ulmer's Case,* 61 Ala. 208; *Peter's Case,* 98 Ala. 36; *Hall's Case, supra; Nordin's case, supra.* The objection was available on appeal although not raised in the trial court.—*Trammel's Case, supra.* The court erred in the admission of evidence.—*Fonville's Case,* 91 Ala. 42, and cases cited; *Sims v.The State,* 146 Ala. 118; *Hollin's case,* 162 Ala. 12. Counsel criticise the oral charge of the court with citation of authority. Counsel also discuss the charges refused with citation of authority. Charges 23 and 38 should have been given.—*Walker v. The State,* 153 Ala. 31; *Simmons v. The State,* 158 Ala. 8.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court's ruling on the motion to quash the plea in abatement was proper.—Section 5269, and 5023, Code 1896; *Billingsly v. The State,* 68 Ala. 486; *Harrington v. The State,* 83 Ala. 9; *Welch v. The State,* 96 Ala. 216; *Sampson v. The State,* 107 Ala. 76; *Nordan v. The State,* 143 Ala. 13; *Clemmons v. The State,* 167 Ala. 20. Counsel discuss objections to evidence, and to the oral charge of the court, but without citation of authority. They insist that charges 23 and 38 predicate an acquittal on

part of the evidence, and for that reason was properly refused.

WALKER, P. J.—The minutes of the court in reference to the organization of the grand jury which found the indictment against the defendant, after reciting the facts of the issuance to the sheriff of a venire facias commanding him to summon 15 named persons to serve as grand jurors, that all of them were served and appeared, and that one of them was excused by the court, further recited that: "The court ordered the sheriff to select two names of two qualified citizens of said county. The names were placed in a hat and drawn out by the clerk, and read by the court, to wit, M. L. Aaron. Then the court ascertained that all the persons summoned and answering to their names were householders and freeholders of Winston county, and all possessed the legal qualifications to serve as grand jurors at the present term of this court, and were of sufficient number to constitute a grand jury. The said persons were impaneled into a grand jury according to law." It is urged that the order made by the court on the reduction below 15 of the number of those who appeared was not in conformity with the requirement of the statute then in force (Code of 1896, § 5023) ; that, in such an event, "the court must cause an order to be entered on the minutes, commanding the sheriff to summon from the qualified citizens of the county twice the number required to complete the grand jury, which order the sheriff must forthwith execute;" and that the effect òf such non-conformity was to invalidate the indictment. While the form of the order was that the sheriff "select two names of two qualified citizens," instead of "commanding the sheriff to summon from the qualified citizens of the county twice the number of persons required to

[Kirkwood v. The State,]

complete the grand jury," it sufficiently appears from the succeeding recitals of the minute entry that it had the same effect as an order made in strict conformity with the requirement of the statute, as the recitals show that the sheriff executed the order by summoning from the qualified citizens of the county twice the number of persons required to complete the grand jury. Where the order as made, and as it was understood and executed by the sheriff, was the equivalent of the order required by the statute, it is no objection to its validity that the words of the statute were not followed in framing it.—*Yancy v. State,* 63 Ala. 141. Under the statute, the allowance of the excuse of one of the 15 persons in attendance in obedience to the summons gave the court the right to order the sheriff to summon two qualified citizens to complete the grand jury. The order made accomplished the result contemplated by the statute. So far as that order of the court was concerned, it had no invalidating effect upon the grand jury in reference to which it was made, nor upon an indictment returned by that body.

As to the further objection to the indictment, suggested in the motion to quash and also in the plea in abatement, having reference to the method pursued in completing the grand jury, it was one that was not available under the statute limiting the grounds upon which objection can be taken to a grand jury because of the manner of its formation.—Code of 1896, § 5269. The court was not in error in its disposition of the objections made to the indictment.—*Billingslea v. State,* 68 Ala. 486; *Cross v. State,* 63 Ala. 40; *Clemons v. State,* 167 Ala. 20, 52 South. 467; *Hall v. State,* 134 Ala. 90, 32 South. 750.

It is insisted that the court was in error in admitting, over the defendant's objections, testimony in reference

to his shooting one Will Stevens after he had shot the deceased. Some of the testimony in this connection tended to show that the defendant shot Stevens when the latter, who was the mayor of the town in which the killing under investigation had just taken place and an eye witness of that occurrence, was undertaking to arrest him, and that immediately after this second shooting he fled from the scene. It was competent for the state to prove that the defendant, after killing the deceased, resisted or avoided arrest, and that he fled, and evidence of such incriminating conduct on the part of the defendant could not properly be excluded because it might also tend to show the commission by him of another and distinct offense.

Evidence which is relevant to the charge under investigation is not rendered inadmissible because it may also tend to prove the defendant guilty of another criminal offense.—*Ray v. State,* 126 Ala. 9, 28 South. 634; 12 Cyc. 407.

Exceptions were reserved to parts of the charge given by the court at its own instance, and also to its refusal to give certain written charges requested by the defendant. Plainly a number of these rulings were not such as to constitute grounds of reversal. A review in detail of those rulings is not deemed necessary for the guidance of the court on another trial. The principal result of such a review would be a mere reference to familiar rules governing in such matters. In its rulings, however, the court did not succeed in avoiding reversible error. Charges 23 and 38 requested by the defendant each state substantially the same proposition, and it has been held that that proposition is one which should be given in charge to the jury when requested by a defendant in a criminal case in which the evidence is in conflict.—*Walker v. State,* 153 Ala. 31, 45 South.

640; *Simmons v. State,* 158 Ala. 8, 48 South. 606. That proposition should have been given in charge when duly requested. The refusal to give it was reversible error. Some of the other refused charges may not have been subject to such legal objection as to require their refusal, but the manner in which they were framed was of questionable propriety, to say the least, and the questions sought to be raised by them may not be presented in the same way on another trial.

Reversed and remanded.