# Doty *v.* The State.

## Assault With Intent to Murder.

(Decided December 18, 1913.   64 South. 170.)

1. *Charge of Court; Reasonable Doubt.*—Where there was evidence tending to show the existence of facts inconsistent with guilt, a charge asserting that if there was one single fact proven to the satisfaction of the jury which was inconsistent with defendant's guilt, it was sufficient to raise a reasonable doubt of guilt, and the jury should acquit, should have been given.

2. *Same.*—A charge asserting that each and every member of the jury is entitled to have his own conception of what constitutes a reasonable doubt of the guilt of defendant, but that before they can convict, the evidence must be so strong that it convinces each juror of defendant's guilt beyond all reasonable doubt, was improperly refused; the instruction being merely to the effect that if, after considering the evidence any juror had what he deemed a reasonable doubt of guilt, he is not bound to find defendant guilty merely because other jurors did not believe likewise.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

John Doty was convicted of assault with intent to murder, and appeals. Reversed and remanded.

The following charges were refused to defendant:

(5) "The court charges the jury that, if there is one single fact proved to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt of his guilt, and the jury should acquit."

(3) "The court charges the jury that each and every one of you is entitled to have his own conception of what constitutes a reasonable doubt of the guilt of this defendant; that, before you can convict this defendant the evidence must be so strong that it convinces each juror of defendant's guilt beyond all reasonable doubt; and if, after a consideration of all the evidence, a single

juror has a reasonable doubt of defendant's guilt, then you cannot find defendant guilty."

RUSSELL & JOHNSON, for appellant. The court erred in refusing charge 3.—*Bell v. State,* 42 South. 542; *Mitchell v. State,* 129 Ala. 23; *Grimes v. State,* 105 Ala. 86; *Carter v. State,* 103 Ala. 94. The court should have given charge 5.—*Walker v. State,* 153 Ala. 31; *Kirkwood v. State,* 57 South. 504.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—There was evidence in the case tending to prove the existence of facts inconsistent with the defendant's guilt. This being true, he was entitled to have the court give written charge 5 requested by him.—*Walker v. State,* 153 Ala. 31, 45 South. 640; *Simmons v. State,* 158 Ala. 8, 48 South. 606; *Kirkwood v. State,* 3 Ala. App. 15, 57 South. 504. The error committed in the refusal to give that charge was not cured by the giving of any other charge requested, as the proposition there stated as to the legal sufficiency of the evidence mentioned to raise a reasonable doubt of the defendant's guilt was not covered by any written charge given.

Written charge 3, requested by the defendant, is substantially identical with one which was approved by the Supreme Court of Mississippi in the case of *Bell v. State,* 89 Miss. 810, 42 South. 542, 119 Am. St. Rep. 722, 11 Ann. Cas. 431. We think that the opinion rendered in that case sufficiently vindicates the correctness of the charge. The only debatable feature of it is the proposition stated in its first clause.—*Mitchell v. State,* 129 Ala. 23, 30 South. 348. And we do not

think that the statement made in that clause is subject to any just criticism. If it had stood by itself in a separate charge, it may be that the court would not have been chargeable with error for refusing to give it, because of its failure to hypothesize the necessity of the doubt referred to being one arising upon a consideration of the evidence in the case; but, connected as the statement is with the other portions of the charge, it is plain that it is only such a doubt that is spoken of, and that the only subject dealt with in the clause in question is the right of each juror to exercise his own individual judgment in reaching a conclusion as to what amounts to or constitutes a reasonable doubt of the defendant's guilt. It is not questionable that this is a matter upon which it is the right and duty of each juror to act on his own conception or conviction. If, after a consideration of the evidence, there is left in his mind what he deems to be a reasonable doubt of the defendant's guilt, he is under no duty to join in a verdict of guilt because the other jurors do not concur in that view. The clause in question, in the connection in which it is found, imports no more than this, and the presence of this proposition in the charge did not warrant the court in refusing to give it.

Reversed and remanded.