## *Ex Parte* Davis, *et al.*

### *Murder.*

(Decided December 18, 1913.   63 South. 1010.)

1. *Criminal Law; Verdict; Sufficiency.*—A verdict finding defendants guilty of manslaughter in the first degree and fixing as their punishment five years in the penitentiary is not invalid, nor uncertain as not specifying what portion of the term each shall serve, the language requiring the confinement of each for the full term, and hence, could not be construed to require a joint sentence of five years.

2. *Charge of Court; Reasonable Doubt.*—A charge aserting that if there is one single fact proven to the satisfaction of the jury which is inconsistent with the guilt of defendant, this is sufficient to raise a reasonable doubt, and the jury should acquit, was invasive of the province of the jury and properly refused. Such a charge is also properly refused as misleading.

CERTIORARI to Court of Appeals.

Petition by Yancey Davis and another for certiorari to review the ruling of the Court of Appeals in the case of *Davis v. State,* 8 Ala. App. 147, (62 South. 1027), affirming the judgment of the trial court.   Writ denied.

The verdict in the trial court was, "We, the jury, find defendant guilty of manslaughter in the first degree, and fix as their punishment five years in the penitentiary." The trial court refused to give at the request of defendant the following charge:   "If there is one single fact

proved to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit." The Court of Appeals held the verdict good, and that the charge was covered by other written charges given at defendant's request, which rendered its refusal error without injury.

W. W. QUARLES, REESE & REESE, and HILL, HILL, WHITING & STERNE, for appellant. The verdict was uncertain as to time, and hence, the punishment was indefinite and could not be imposed.—*Zaner v. State,* 90 Ala. 651; *Ex parte Goucher,* 103 Ala. 307; *Washington v. State,* 117 Ala. 30. There were two tried and the penalty jointly assessed, and hence, there was no valid verdict.—*Perry v. State,* 149 Ala. 41.

R. C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and CRAIG & CRAIG, for appellee. The verdict was susceptible of no other construction than that both defendants were to serve each a sentence of five years. Hence, there was no uncertainty and the verdict was not within the rule declared in *Perry's Case.*—149 Ala. 41; *Davis, et al. v. State,* 8 Ala. App. 147; 34 S. W. 633; 66 S. W. 1098; 104 S. W. 1109; 29 A. & E. Enc. of Law, 1016.

SOMERVILLE, J.—We concur in the view of the Court of Appeals that the verdict was valid in form and in substance, and that it very clearly is not within the influence of the decision in *Perry v. State,* 149 Ala. 41, 43 South. 18.

Pretermitting any consideration of the merit of the view that the refusal of the charge in question could be treated as error without injury, we entertain no doubt

as to the impropriety of the charge, and hold that it was properly refused. It has been repeatedly condemned as invasive of the province of the jury, and also as misleading.—*Walker v. State,* 117 Ala. 42, 23 South. 149; *Morris v. State,* 27 South. 336 (imperfectly reported in 124 Ala. 46); *Moss v. State,* 152 Ala. 30, 36, 44 ·South. 598; *Campbell v. State,* 182 Ala. 18, 62 South. 57 (headnote 12); *McClain v. State,* 182 Ala. 67, 62 South. 241 (headnote 8).

In *Walker v. State,* 153 Ala. 31, 45 South. 640, it was held error to refuse such a charge, entirely overlooking the three previous rulings to the contrary; and *Walker's Case,* 153 Ala. 31, 45 South. 640, was followed without comment in *Simmons v. State,* 158 Ala. 8, 48 South. 606; and also in *Roberson v. State,* 175 Ala. 15, 57 South. 829.

It results that *Walker's Case,* 153 Ala. 31, 45 South. 640 (headnote 8), *Simmons' Case* (headnote 10), and *Roberson's Case* (headnote 4), must be and are expressly overruled; and the ruling in *Walker's Case,* 117 Ala. 42, 23 South. 149 (headnote 12), is again declared to be correct and authoritative.

Writ denied. All the Justices concur.