(78 South. 322).

MARTIN v. STATE. (3 Div. 300.)

(Court of Appeals of Alabama. March 12, 1918.)

1. INTOXICATING LIQUORS ☞233(1) — EVIDENCE—CHARACTER OF PLACE.

In prosecution for maintaining an unlawful drinking place, it being shown accused was the owner and occupant of the place, evidence tending to show the character of the place is admissible.

2. INTOXICATING LIQUORS ☞233(1) — EVIDENCE—CHARACTER OF PLACE.

For such purpose, evidence is admissible that, when officers were making a raid on the place, several soldiers entered and asked to buy some beer.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. CRIMINAL LAW ⬤⟿417(2)—STATEMENTS IN ACCUSED'S ABSENCE.**

In prosecution for maintaining an unlawful drinking place, statements by persons in accused's absence that they had been getting beer before at accused's place was inadmissible as hearsay.

**4. INTOXICATING LIQUORS ⬤⟿233(1) — EVIDENCE—CHARACTER OF PLACE.**

That people in the community desiring to purchase beer and other intoxicating and prohibited liquors frequented accused's place for that purpose is an evidentiary fact tending to prove the corpus delicti.

**5. CRIMINAL LAW ⬤⟿338(1) — EVIDENCE — "RELEVANCY."**

The test of the relevancy of evidence is whether it conduces to the proof of a pertinent hypothesis, which, if sustained, would influence the issue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Relevancy.]

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

J. C. Martin was convicted of violating the prohibition law, and appeals. Reversed and remanded.

L. A. Sanderson, of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. From a judgment of conviction of a violation of the prohibition law this appeal is taken. The indictment contained several counts charging a violation of the prohibition law in its several phases. On this appeal it is insisted that the court committed error in its rulings upon the evidence and in the refusal of several written charges requested by the defendant. The facts as developed by the testimony showed that the sheriff and two deputies raided the bedroom of the defendant on two separate occasions. This room was located at 14½ South Court street in the city of Montgomery, and was over a vacant store. The undisputed evidence showed that on the first raid the officers found about two dozen bottles of beer, and on the second visit they found 34 bottles of beer. The defendant was present in his room when the first visit of the officers was made, but was not present when they visited the place the second time. On neither occasion was the defendant arrested, and the prosecution was commenced by indictment preferred by the grand jury of the county.

[1-5] During the trial and pending the examination of the state's witnesses, Sheriff Waller and his deputies Wilson and Young, these witnesses were permitted to testify, over the timely objection of the defendant, that while they were in the room on the second visit several soldiers came up the stairs and entered the room and asked to buy some beer, and over the objection of the defendant each of these witnesses was permitted to testify as to the details of the conversation had between the officers and the soldiers; among other things, the witnesses were allowed to testify that the soldiers stated that they wanted to buy some beer; that they had been getting it there, etc. To all of this testimony, defendant interposed objections on the grounds, among others, that the testimony was illegal and irrelevant, that it was hearsay testimony, and that it was the unsworn statement of persons made not in the presence or hearing of the defendant; that it was a statement by which defendant was in no sense bound and would unduly prejudice the jury against the defendant, etc. The court overruled the objections interposed by the defendant, to which ruling of the court an exception was duly reserved, and the defendant also reserved exceptions to the action of the court in overruling the motion to exclude this testimony. The defendant being indicted for maintaining an unlawful drinking place, and it having been shown that he was the owner and occupant of the place in question, it was competent to introduce evidence tending to show the character of the place. Minto v. State, 8 Ala. App. 306, 62 South. 376; Brannon v. State, 76 South. 991.[1] For this purpose, the fact that several soldiers came up the stairs and entered the room and asked to buy some beer while the officers making the raid were there was competent as tending to show the reputation of the place in the community, but the statement by the soldiers in the absence of the defendant that they had been getting beer there before was hearsay, inadmissible, and its admission was reversible error. One of the questions involved in this prosecution was whether or not the place was an unlawful drinking place, and therefore a place of ill repute, and under the ban of the law, and the fact that people in the community desiring to purchase beer and other intoxicating and prohibited liquors frequented the place for that purpose was an evidentiary fact tending to prove the corpus delicti. The test of the relevancy of evidence is whether it conduces to the proof of a pertinent hypothesis, which, if sustained, would influence the issue. Whitaker's Case, 106 Ala. 30, 17 South. 456; Curtis' Case, 118 Ala. 126, 24 South. 111; McCormack's Case, 102 Ala. 161, 15 South. 438; Mattison's Case, 55 Ala. 225.

Such of the written charges refused to the defendant as were not fairly and substantially covered by the given charges and by the oral charge of the court, not being predicated upon the evidence in the case, were properly refused.

For the errors indicated, the judgment of conviction must be reversed, and the cause remanded.

Reversed and remanded.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 259.