(93 South. 83)

## ARNOLD v. STATE. (6 Div. 857.)

(Court of Appeals of Alabama. Feb. 21, 1922. On Rehearing, April 18, 1922.)

1. Criminal law ⚫=>829(1)—Refusal of instructions, substantially covered by those given, not error.

The court will not be put in error for refusing a correct charge, if the same legal propositions were fairly and substantially covered by the given charges or by the oral charge.

2. Criminal law ⚫=>811(4)—Instruction held properly refused, as singling out part of evidence.

On a trial for homicide committed in an affray between two parties, instruction that, to render a person at fault in bringing on the difficulty by command to halt, it must appear that such command had some effect in bringing on the difficulty, and that, if it did not have such effect, such person could not be said to be in fault if he unwillingly entered the combat, was properly refused, as singling out part of the evidence and giving undue prominence thereto.

3. Criminal law ⚫=>789(18)—Instruction that single fact inconsistent with guilt is sufficient to raise reasonable doubt properly refused.

An instruction that, if there was one single fact proved to jury's satisfaction inconsistent with defendant's guilt, this was sufficient to raise a reasonable doubt, was properly refused.

4. Criminal law ⚫=>723(3)—Argument that jury must convict to stop similar murders held not improper.

Objections to solicitor's argument that jury must convict defendant if they wanted to stop such murders as the one charged, etc., were properly overruled.

5. Criminal law ⚫=>720(9)—Statement in argument that defendant had produced no evidence of given effect not subject to general objection.

Statement of solicitor in his argument in a homicide prosecution that no evidence had been produced that defendant was not "there" was not subject to general objection, as it could be construed as the solicitor's recollection of the evidence, or an inference drawn by him from the testimony.

6. Criminal law ⚫=>1044—Motion to exclude remarks of solicitor must be made, or there is nothing to review.

A mere objection to remarks of the solicitor already made does not present anything for review, unless the court is appealed to, to exclude the remarks from the jury's consideration.

---

⚫=>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Homicide ☞166(3)—Evidence that there was a strike on admissible to show motive.**

On trial for homicide, committed in a general shooting affray between a group of negro miners and a group of white men, evidence that there was a strike on at a mine at the time was admissible as tending to show motive.

**8. Criminal law ☞342—Motive always a legitimate subject of inquiry.**

While evidence of motive is not indispensable, motive is always a legitimate subject of inquiry on a trial for crime.

**9. Criminal law ☞342—Slight evidence to show motive should be left to jury's consideration.**

Slight evidence to show motive for crime is not to be excluded, but should be left to the jury's consideration.

**10. Witnesses ☞242—State properly permitted to refresh recollection, by asking about matters sworn to before grand jury.**

Where the state was surprised by the testimony of a witness called by it, the solicitor was properly permitted to refresh the recollection of the witness by asking him about matters sworn to by him before the grand jury.

**11. Witnesses ☞363(1)—Facts showing bias or partiality may be brought out.**

Any fact, the tendency of which is to shed light on the bias or partiality of a witness, may be brought out.

· On Rehearing.

**12. Criminal law ☞365(3) 1169(11)—Evidence that defendant shot at witness a few minutes after killing at another place inadmissible and prejudicial.**

On trial for homicide in general shooting affray between a group of negroes and a group of white men, testimony that defendant, five minutes or more after the killing, and some 200 yards from the place of the killing, shot at a witness, and that the witness returned the fire, was not admissible as res gestæ, but was highly prejudicial.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

John Arnold was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded on rehearing.

The following charges were refused to the defendant:

(P) To render a person at fault in bringing on a difficulty by the use of the word "Halt," it must appear from the evidence that such word or command had some effect in provoking the difficulty, and that, if it did not have such effect, then such person could not be said to be in fault in bringing on the difficulty, if he unwillingly entered into the combat.

(1–B) If there is one single fact proven to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit.

(5–B) In this case the burden of proof is not shifted from the state to the defendant, and the presumption of innocence abides with the defendant, until the evidence in the case convinces the jury to a moral certainty that the defendant cannot be guiltless.

(7–B) The only foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged in the indictment, to every exclusion of the probability of his innocence and every reasonable doubt of his guilt, and if the prosecution has failed to furnish such measure of proof, and to so impress the minds of the jury of his guilt, you should find him not guilty.

In his argument the solicitor made use of the following phrases: "If you want to stop such murders as this, you have got to convict the defendant;" and "Don't you know if this defendant is convicted of cold-blooded murder it will stop murders like this in the future." In his closing argument the solicitor used the following language: "No evidence did they produce to show that the defendant was not there." The witness Doss was permitted to testify, over the objection of the defendant.

Frank S. White & Son and E. C. Crow, all of Birmingham, for appellant.

Charge P should have been given, as should charges 1–B, 5–B, and 7–B, 153 Ala. 32, 45 South. 640; 158 Ala. 8, 48 South. 606; 9 Ala. App. 21, 64 South. 170; 3 Ala. App. 15, 57 South. 504; 68 Ala. 430; 168 Ala. 4, 53 South. 296, 390; 146 Ala. 683; 197 Ala. 323, 72 South. 624; 118 Ala. 111, 23 South. 81; 161 Ala. 52, 50 South. 59. The court erred in permitting the argument of the solicitor. 204 Ala. 129, 85 South. 789; 11 Ala. App. 644, 66 South. 942; 194 Ala. 11, 69 South. 941, 2 A. L. R. 509; 17 Ala. App. 679, 88 South. 200. The court also erred in not excluding the closing remarks of counsel for the state. 124 Ala. 106, 27 South. 320; 193 Ala. 36, 69 South. 130, and authorities supra. The fact that there was a strike on was irrelevant and immaterial. 184 Ala. 474, 63 South. 527; 147 Ala. 50, 41 South. 727; 167 Ala. 365, 52 South. 640; 118 Ala. 246, 24 South. 80; 203 Ala. 601, 84 South. 845. A party cannot contradict its own witness. 115 Ala. 67, 22 South. 566; 10 Ala. App. 318, 65 South. 202. The court erred in admitting the evidence of the witness Doss. 68 Ala. 492; 130 Ala. 108, 30 South. 484; 201 Ala. 41, 77 South. 335, 6 A. L. R. 1031; 201 Ala. 512, 78 South. 866; 17 Ala. App. 394, 85 South. 830; 17 Ala. App. 674, 88 South. 211; 57 Ala. 313.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. The defendant was indicted for murder in the first degree; he

was tried and convicted of manslaughter in the first degree, the punishment being fixed by the jury at nine years' imprisonment in the penitentiary.

We have carefully examined the entire record. It is voluminous, and many exceptions were reserved to the court's rulings during this trial. In the exhaustive briefs filed by able counsel for appellant, the questions presented for review are well grouped and intelligently stated. We will therefore discuss these questions, so far as may be, in the manner in which they are presented.

[1] 1. The following charge was refused to the defendant:

"The court charges the jury that a person has the same right of self-defense to protect himself from great bodily harm as to prevent his life being taken."

This charge appears to have been approved in Twitty v. State, 168 Ala. 59, 53 South. 308, and also in the case of Black v. State, 5 Ala. App. 87, 59 South. 692. It is a good charge, but there was no error in its refusal here, for the reason that it was covered by given charge lettered "R." The court will not be put in error for refusing a correct charge, if the same propositions of law were fairly and substantially covered by the given charges, or by oral charge of the court.

[2] 2. Charge "P," the refusal of which is made the basis of the second assignment of error, was properly refused, as this charge singles out a part of the evidence and gives undue prominence thereto. It was for the jury to say, from all the evidence in this case, as to whether or not the defendant was free from fault in provoking the difficulty which resulted in the death of deceased.

[3] 3. Charge 1–B was refused, and it is insisted that this was error. This identical charge was held to be correct in each of the following cases, cited by defendant's counsel, to wit: Walker v. State, 153 Ala. 32, 45 South. 640; Simmons v. State, 158 Ala. 8, 48 South. 606; Roberson v. State, 175 Ala. 15, 57 South. 829; Doty v. State, 9 Ala. App. 21, 64 South. 170; and Kirkwood v. State, 3 Ala. App. 15, 57 South. 504. However each of the Supreme Court cases, supra, have been declared unsound on this question and have been expressly overruled. See Ex parte Davis et al., 184 Ala. 26, 63 South. 1010. The cases from this court, supra (Doty v. State, 9 Ala. App. 21, 64 South. 170; Kirkwood v. State, 3 Ala. App. 15, 57 South. 504), must now of necessity be declared unsound, so far as relates to this question. These two cases are hereby expressly overruled to that extent. From what has been said, it follows there was no error in the refusal of this charge.

4. Charge 5–B was substantially covered by given charges "1" and 6–A, and by the oral charge of the court.

5. Charge "7–B" was fairly and substantially covered by the court's oral charge and by given charges 5 and 2–B.

[4] (6, 7) Under the authority of Sharp v. State, 193 Ala. 22, 69 South. 122, we must hold that there was no error in the rulings of the court upon the question of the argument of the solicitor.

[5, 6] 8. The further statement of the solicitor in his closing argument, to wit, "no evidence did they produce that the defendant was not there." This statement was not subject to the general objection interposed. It was a statement, which could be construed as the recollection of the solicitor as to the evidence in this connection, or an inference drawn by him from the testimony in the case. Moreover, no motion was made to exclude this statement, nor the other statements of the solicitor discussed under subdivisions (6) and (7). "The effect of our decisions is that a mere objection to already spoken words does not reach the evil aimed at, and that the court must be appealed to to exclude them from the consideration of the jury, failing which there is nothing presented for review by exception." Sharp v. State, 193 Ala. 22, 28, 69 South. 122, and cases cited.

The homicide here complained of, as shown by the record, was the result of a general shooting affair between a group of negro miners on the one side and a group of white men on the other, and the testimony shows that numerous shots were fired from both sides. There is some conflict as to which group fired first, but all agree that there was but slight difference as to the time each group began firing. It appears without dispute that the shooting between these groups of men, which resulted in the death of Green Cook, the deceased named in the indictment, occurred at or near the Majestic coal mines in Jefferson county. And it was contended by the state that at the time of the killing the deceased was going to his work in the mines accompanied by several other miners; that they were traveling a path in single file, and that the other group of men were secreted in the bushes and behind roots and trees a short distance from the trail the miners were traveling; and that as they approached within some 30 or 35 feet the defendant arose from behind a tree root, hollered, "Halt!" and immediately thereafter the shooting began.

[7-9] The next succeeding several assignments are based upon the rulings of the court upon the testimony wherein the court permitted the state to show that there was at this time a strike on at the Majestic Mines. In these rulings there was no error, the evidence being admissible as tending to show motive; and while evidence showing motive is not indispensable, and is not an element of the burden of proof resting on the prosecution, motive is always a legitimate subject of inquiry on the trial of one

charged with crime. And in a criminal case slight evidence to show a motive for doing the act is not to be excluded, but should be left to the consideration of the jury. Kelsoe v. State, 47 Ala. 573; Streety v. State, 165 Ala. 71, 51 South. 415.

[10] The rulings of the court upon the testimony of state witness W. B. Albert were free from error. The solicitor made known to the court that the state was caught by surprise as to the testimony of this witness, and in order to refresh the recollection of this witness the solicitor, over the objection of the defendant, was allowed to ask the witness as to several matters sworn to by him before the grand jury. Glenn v. State, 157 Ala. 12, 47 South. 1034; Hickman v. State, 12 Ala. App. 22, 28, 67 South. 775. It is manifest that in this connection there was no attempt by the state to impeach its own witness, as contended by appellant's counsel; to the contrary, it is clear that the purpose was to refresh the recollection of the witness. The examination in question appears from the record to have accomplished this result, and, as before stated, the manner of so doing is permissible.

The testimony of witness Doss, to which objection was interposed, was relevant, as being a part of the res gestæ.

[11] The remaining questions presented relate to the rulings of the court upon the testimony. There was no error in any of these rulings as the testimony brought out, over the objection of the defendant, related to the bias or partiality of the witnesses examined, and any fact the tendency of which is to shed light upon this question is admissible. See Byrd v. State, 17 Ala. App. 301, 84 South. 777, and cases therein cited.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

## On Rehearing.

[12] In the original opinion we justified the court's ruling on the testimony of state witness Doss upon the theory that his testimony constituted a part of the res gestæ and was therefore admissible. A further consideration of this matter, coupled with the authorities cited below, convinces us now that we were in error in this connection. Entertaining this view, the original opinion is modified and corrected in this respect, and the judgment of conviction will be reversed, because of the error of the court in admitting the testimony of witness Doss to the effect that some five minutes or more after the alleged commission of the offense he (witness) saw the defendant some 200 yards from the place where the alleged original shooting occurred resulting in the death of the deceased named in the indictment, and that at that time the defendant had a long gun and shot at the witness with it, and that he

(witness) returned the fire, shooting at defendant twice with his pistol. This transaction was separate and distinct from the transaction upon which the alleged offense complained of in the indictment was predicated, and was not contemporaneous, or connected in any manner with the main fact under consideration. That it was highly prejudicial to the substantial rights of the defendant, and was calculated to prejudice the minds of the jury against him, cannot be doubted. This being true, it was irrelevant and inadmissible, and under the following authorities the court's ruling must be adjudged error: Hardaman v. State, 16 Ala. App. 408, 78 South. 324 (on rehearing). Martin v. State, 16 Ala. App. 406, 78 South. 322; Johnson's Case, 201 Ala. 41, 77 South. 335, 6 A. L. R. 1031; Jones v. State, 17 Ala. App. 394, 85 South. 830; Dennison v. State, 17 Ala. App. 674, 88 South. 211; Madry v. State, 201 Ala. 512, 514, 78 South. 866.

Application for rehearing is granted. The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.