# Cook *v.* The State.

### *Violating Prohibition Law.*

(Decided April 11, 1911. 55 South. 269.)

*Intoxicating Liquors; Evidence; Sufficiency.*—The evidence in this case stated and examined and held insufficient to show that the defendant had such connection with the alleged transaction as to render him guilty of violation of the prohibition law.

[Cook v. The State.]

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

From a conviction for violating the prohibition law William Cook appeals. Reversed and remanded.

LEITH & GUNN, and BANKHEAD & BANKHEAD, for appellant. The court should have sustained defendant's demurrer to the indictment.—*Marks v. The State,* 48 So. 864. Counsel discuss assignments of error relative to evidence, but without citation of authority. They insist that under the evidence the defendant was entitled to the affirmative charge, but cite no authority in support of their contention.

ROBERT C. BRICKELL, Attorney General, for the State. No brief came to the Reporter.

PELHAM, J.—The defendant was tried under an indictment in the Walker county law and equity court, and convicted of violating the prohibition law.

The bill of exceptions sets out the testimony of one state's witness, Steve Northcutt, and contains the further statement that another witness (naming him) testified substantially the same as the witness whose testimony is set out. It appears from the evidence of the state's witness that he bought some drinks put up in bottles, which resembled beer and had a stimulating effect like beer, from one Jack Martin, in a store at Nauvoo, in Walker county, where canned goods, cigars, cold drinks, etc., were sold. The defendant was not shown to have been present at the time of the transaction, nor connected with the occurrence in any way, except that on some other indefinite occasion he had been selling goods in the store, and a license in the place was issued to a W. M. Cook. It was not shown that the defendant, William Cook, was the person, W. M. Cook,

named in the license, nor for what purpose the license was issued. Martin was not shown to have been defendant's partner, clerk, or agent, or to have had any connection with the defendant whatever.

The defendant introduced no testimony, and asked the trial court in writing to charge the jury, if they believed the evidence, to find the defendant not guilty. The court refused to give the charge, and the defendant excepted. The defendant was clearly entitled to the general affirmative charge in his behalf, as requested, and for the manifest error of the court the case must be reversed.

Reversed and remanded.

## Violating Prohibition Law.

