# Rosenberg *v*. The State.

*Violating Prohibition Law.*

(Decided June 19, 1912.  59 South. 366.)

1. *Appeal and Error; Record; Correction.*—On a motion to strike portions of the bill of exceptions, this court cannot regard ex parte affidavits as a part of the transcript or record, for the purpose of correcting recitals. in the transcript certified as correct by the clerk of the court; a party attacking a bill of exception signed by the judge must proceed regularly under the statute to establish a correct bill.

[Rosenberg v. The State.]

2. *Indictment and Information; Sufficiency; Surplusage.*—An indictment charging the sale of spirituous, vinous or malt liquors without a license and contrary to law is sufficient; the words "without a license" being mere surplusage.

3. *Same; Previous Conviction; Requisites.*—It is not necessary that an indictment for a first offense under section 3, Acts 1909, p. 10, should allege that it is the first offense.

4. *Intoxicating Liquors; Evidence; Other Offenses.*—In a prosecution for violating a prohibition law by an employee of the defendant, evidence that beer and whisky were found in defendant's place of business and that other sales had been made when he was present, were admissible when limited in consideration to the question of defendant's connection with the sale charged.

5. *Same; Sufficiency.*—Where the evidence showed a sale of liquor by an employe of defendant in defendant's store, that other sales had taken place there when he was in the store and that beer and whisky were found stored there, it was sufficient to support a conviction.

6. *Same; Participation.*—Under section 29½, Acts 1909, p. 90, where a sale was made by an employe of defendant in defendant's store, it was not necessary to show actual participation by the defendant in the sale, and a charge that such participation was necessary was properly refused.

7. *Same; Instruction; Weight of Evidence.*—A charge asserting that unless the jury believe that defendant participated in the act of selling by the employe from whom the witness testified he bought the liquor, or that defendant authorized the sale, they should acquit, and that the fact that the person making the sale was a clerk of the defendnt, was insufficient in itself to show this, was properly refused as being argumentative and also as invading the province of the jury.

8. *Same.*—A charge asserting that the mere knowledge of the sale of beer by the negro to the witness Russell of the defendant Rosenburg, is not sufficient evidence to convict, was properly refused as confusing and misleading, and as not enunciating any clear proposition of law.

9. *Charge of Court; Reasonable Doubt.*—It is error to refuse to charge that if the jury, upon considering all the evidence have a reasonable doubt of defendant's guilt arising out of any part of the evidence you should acquit, when the same is not substantially covered by other given charges.

10. *Costs; Criminal Conviction.*—One convicted of violating the prohibition law when sentenced for cost should be sentenced at the rate of seventy-five cents per day instead of forty cents.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Sam Rosenberg was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

[Rosenberg v. The State.]

The indictment charges that before the finding of this indictment Sam Rosenberg sold spirituous, vinous, or malt liquors, without a license and contrary to law. The following charges were refused to the defendant:

(31) "The court charges the jury that, unless you believe from the evidence in this case beyond all reasonable doubt that the defendant participated in the act of selling the bottle of beer by the negro to the witness Russell, then you must acquit the defendant."

(34) "The court charges the jury that the mere knowledge of the sale of beer by the negro to the witness Russell, of the defendant, Sam Rosenberg, is not sufficient evidence to convict this defendant upon."

(16) "The court charges the jury that the innocence of the accused is presumed until his guilt is established by evidence in all material aspects of the case beyond a reasonable doubt to a moral certainty, and it may also be said that the evidence of guilt must be strong and cogent, and unless it is so strong and cogent as to show that the defendant was guilty to a moral certainty he should be acquitted, and it is your duty to acquit him."

(20) "I charge you, gentlemen of the jury, that if there is one single fact proven to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit."

(22) "The court charges the jury that if the jury, upon considering all the evidence, have a reasonable doubt about defendant's guilt arising out of any part of the evidence, they should find the defendant not guilty."

W. W. QUARLES, for appellant. The court erred in sentencing the prisoner at forty cents per day.—*Pugh v. The State,* 56 South. 748; *Dowling v. City of Troy,* 56

[Rosenberg v. The State.]

South. 116. Counsel discusses the statutes relative to motion to strike from the bill of exceptions, and from the transcript of the bill of exceptions certain portions thereof, because the charge moved for by the defendant is not the oral charge of the court, and the general charge of the court should not have been incorporated in the bill.—*Tuscaloosa County v. Logan,* 50 Ala. 503; *A. G. S. v. Dobbs,* 101 Ala. 219; *Orr v. The State,* 117 Ala. 69. The demurrer to the indictment should have been sustained.—*Harris v. The State,* 50 Ala. 127; *Hirschfelder v. The State,* 18 Ala. 112. Counsel cites authorities from foreign jurisdictions to the point that where a statute imposes additional punishment for repeated offenses, the indictment should allege whether it was the first or other offense.—44 S. E. 873; 163 Mass. 226; 64 N. H. 440; 64 Hun. 72; 50 Ohio Stat, 428; 78 Pa. St. 490; 36 Tex. 6. The evidence was not sufficient to authorize or justify the conviction of the defendant. —*Cook v. The State,* 55 South. 269. Charge 14 should have been given.—*Daniels v. The State,* 149 Ala. 44. Counsel discusses other charges refused, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The judgment for costs should be corrected.—*Dowling v. City of Troy,* 1 Ala. App. 508. The words, "without license" in the indictment were mere surplusage.—*Powell v. The State,* 69 Ala. 10; *Bogan v. The State,* 84 Ala. 449; *Williams v. The State,* 91 Ala. 14; *Mitchell v. The State,* 141 Ala. 90; *Ab Scott v. The State,* in MSS. The court imposed no additional punishment, and admitted no evidence of other convictions, and hence, it is not necessary to allege that this was a first offense. The court properly admitted evidence of other violations of

law.—*Allison v. The State,* 1 Ala. App. 206; *Guarreno v. The State,* 148 Ala. 673. Counsel discuss charges refused, but without citation of authority.

PELHAM, J.—The defendant was convicted of a violation of the prohibition laws.

Appellant's counsel insist in brief on a motion to strike certain portions of the bill of exceptions. The record shows no submission on motion; nor could the court look to the ex parte affidavit attached to the brief as a part of the record, had the motion been submitted for the purpose of correcting the recitals in the transcript certified by the clerk of the court as correct.— *Prinz v. Weber,* 126 Ala. 146, 28 South. 10; *Black v. Pate,* 130 Ala. 514, 30 South. 434. If appellant considered the bill of exceptions signed by the judge incorrect, he should have proceeded regularly under the statute to establish a correct bill.

The words in the indictment "without a license" are mere surplusage. The indictment was sufficient.— *Scott v. State,* 3 Ala. App. 142, 57 South. 413; *Mitchell v. State,* 141 Ala. 90, 37 South. 407; *Olmstead v. State,* 89 Ala. 16, 7 South. 775

The argument that the indictment should have alleged whether the prosecution was for the first or second offense (Acts 1909, p. 10, § 3) cannot prevail. No evidence of a former conviction was introduced; nor was the penalty for a second offense, upon which the court must impose an additional sentence for not less than three months, imposed in this case. It is not essential, when the prosecution is for the first offense, that the indictment contain an allegation to that effect.

The court was not in error in admitting evidence to the effect that beer and whisky were found in the defendant's place of business, and that other sales had

[Rosenberg v. The State.]

taken place when he was in the establishment, as this evidence had a tendency to show his connection with the sale made by the person in his place of business while he was in the front part of the store. The court limited the consideration of this evidence by the jury to showing defendant's connection with the sale first testified to by the witness Russell. The evidence was sufficient to authorize a conviction, and the court properly submitted that question to a jury.—See *Carson v. State,* 3 Ala. App. 206, 58 South. 88. In *Cook's Case,* 1 Ala. App. 224, 55 South. 269, cited by appellant, the defendant was not shown to have had any connection with the store where the transaction took place, nor to have been in the store when the sale was made. In the instant case, there is evidence tending to show that the store was kept by the defendant, that more than one sale took place when he was in the store, and that beer and whisky were found stored there.

Charge No. 16, refused to the defendant, appears substantially covered in given charges 1 (4), 2 (5), 16 (17), and 35.

Charge 31 is argumentative, and invades the province of the jury in weighing the evidence.

Charge 32 does not correctly state the law. It is not necessary to show an actual participation by the defendant in the sale.—Acts 1909, p. 90, § 29½.

Charge 34 is not such a charge as the court can be put in error for refusing. It is confusing and misleading, and not a clear statement of any principle of law. Read in one way, it predicates knowledge by the negro of the sale not being sufficient evidence to convict the defendant.

The proposition of law upon which instructions were sought in charges 20 and 22 cannot be said to be substantially covered by any of the given charges. Charge

[Woodward v. The State.]

22 is unquestionably a correct charge, and its refusal is error.

Attention is called to the fact that the defendant should have been sentenced at the rate of 75 cents per day, and not 40 cents, to pay the costs of the prosecution.—*Dowling v. City of Troy,* 1 Ala. App. 508, 56 South. 116.

For the error pointed out, the case must be reversed. Reversed and remanded.

## *Violating Prohibition Law.*

