## Taggett *v.* City of Tuscaloosa.

### *Violating Municipal Ordinance.*

(Decided January 14, 1915. 67 South. 780.)

1. *Municipal Corporation; Ordinances; Violation; Other Offenses.*—Evidence of a sale made by the defendant of a bottle of beer a few days prior to the time when her premises were searched and a large quantity of bottles, empty and full, were found, was admissible in a prosecution for violating a municipal ordinance prohibiting the selling or keeping of intoxicating liquors.

2. *Same.*—A bottle of beer identified as the one sold to witness by defendant prior to the sale for which the prosecution was had was admissible in evidence.

3. *Same; Jury Question.*—Where the evidence tended to support the charge, its weight and sufficiency was for the jury, and the court properly refused to direct a verdict for the defendant.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Alice Taggett was convicted in the recorder's court for violating a municipal ordinance of the city of Tuscaloosa, and she appealed to the county court where she was again convicted and brings her appeal here. Affirmed.

WRIGHT & FITE, for appellant. The same insistence on the same authorities are made here as are made by counsel in the case of *Charlie Lane v. City of Tuscaloosa, infra.*

BROWN & WARD, for appellee. Counsel used same argument and authorities in this case as in the case of *Charlie Lane v. City of Tuscaloosa, infra.*

PELHAM, P. J.—The points made against the ordinance, for a violation of which the defendant was tried and convicted, we have disposed of adversely to the appellant's contentions in the case of *Charlie Lane v. City of Tuscaloosa, infra,* 67 South. 778.

The court properly admitted evidence of a sale made by the defendant of a bottle of beer to one Crider a few days prior to the time when her premises were searched and a large quantity of beer bottles, empty whisky cases, etc., together with a few full botles of beer and whisky, was found by the searching officers. The court limited the evidence of the sale as going alone to show an unlawful intent on the part of the defendant in having in her possession the prohibited liquors, and for that purpose it was admissible.—*Allison v. State,* 1 Ala. App. 206, 55 South. 453; *Rosenberg v. State,* 5 Ala. App. 196, 59 South. 366.

The bottle of beer was identified as the one sold to the witness by the defendant, and there was no error com-

mitted in permitting it to be introduced in evidence.—
*Harris v. State,* 9 Ala. App. 87, 64 South. 352; *Phillips
v. State,* 156 Ala. 140, 47 South. 245.

The tendencies of the evidence supported the charge
made against the defendant, and its weight and suffi-
ciency, involving the question of her guilt or innocence
was a matter for the jury (*Tice v. State,* 3 Ala. App.
164, 57 South. 506), and the court quite properly re-
fused the general charge for the defendant and submitted
the case to the jury.

Affirmed.