VANDER BROOKS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed April 20, 1915.

1. In a prosecution for the crime of being a common liquor dealer, where a State witness had testified that she, in company with an officer, on a certain night, had gone to a certain house where they found the defendant and other negroes and also one hundred bottles of whiskey in a barrel, quarts, pints and half pints, and that the witness took two of such bottles away with her, one of which she produced and stated that it had been in her possession ever since she carried it away with her and kept by her unopened and locked up, no error was committed in admitting in evidence such bottle, marked "Cream of Kentucky Whiskey," with the Government Seal on it, over the objection of the defendant that it had not been shown that such bottle contained whiskey or intoxicating liquor.

2. The trial court is authorized to regulate the order of the introduction of evidence, and its discretion in such a matter, either in receiving or rejecting evidence, will not be interfered with by an appellate court, unless an abuse of such discretion is clearly made to appear.

3. The mere fact that proffered evidence is not full and complete within itself but forms only one link in the chain, so that it would have to be supplemented by other evidence in order to avail the party offering it, may not render such evidence incompetent or inadmissible.

4. The record of a prior conviction of the defendant in the County Judge's Court for the illegal sale of liquors, which shows that the defendant pleaded guilty to such charge, is properly admitted in evidence against the defendant in a prosecution for the crime of being a common liquor dealer.

5. In a prosecution for the crime of being a common liquor dealer, no error is committed in refusing to permit a witness for the defendant to testify as to whether or not he had seen the defendant in the community subsequent to his conviction in the County Judge's Court for the illegal sale of liquors.

6. In a prosecution for the crime of being a common liquor dealer, it is error to give the following charge to the jury: "The court charges you that under the laws of the State of Florida a sale of intoxicating liquors, wines or beer contrary to the Laws of the State of Florida, may be proved by circumstantial as well as direct evidence and that the law of the State of Florida provides that when intoxicating liquors, wines or beer is found in any building, booth, tent or place in unreasonable quantities, that is quantities that would not be considered in reasonable amount for private use, that the finding of such intoxicating liquors, wines or beers in such unreasonable amount and quantity is prima facie evidence of the selling of liquors contrary to the law," as the same is not in accordance with Section 3561 of the General Statutes of the State of Florida, upon which statute such charge was obviously based, and, where the evidence is conflicting upon material points, the giving thereof constitutes reversible error.

Writ of error to Circuit Court for St. Lucie County; Jas. W. Perkins, Judge.

Judgment reversed.

*F. L. Hemming* and *Otis R. Parker*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, for State.

SHACKLEFORD, J.—Vander Brooks was convicted of the crime of being a common liquor dealer, under Section 3 of Chapter 6179 of the Laws of Florida of 1911, which forms Section 3448a of Florida Compiled Laws, 1914, Annotated, and which will be found copied in Smith v. State, 62 Fla. 91, 57 South. Rep. 348, and Thompson v. State, 66 Fla. 206, 63 South. Rep. 423.

The first error assigned is as follows: "The court erred in admitting in evidence over the objection of defendant of the bottle marked Cream of Kentucky Whiskey, it not being shown that said bottle contained whiskey or intoxicating liquor."

We find that Mrs. Elizabeth McCarty, who was the first witness introduced on behalf of the State, had testified to having gone in company with W. T. Hays, the night Marshal of the town of Fort Pierce, on the night of the 19th of February, 1913, to a certain house in such town where they found Vander Brooks and other negroes, men, and women and boys, eleven or twelve in number, some of whom, including Vander Brooks, jumped out of the windows and others attempted to escape, and upon entering the house, the witness and Hays found one hundred bottles of whiskey in a barrel, quarts, pints and half-pints. The witness then proceeded to testify that she took two of such bottles away with her, one of which she

produced and stated that it had been in her possession ever since she carried it away with her and kept by her unopened and locked up. The following proceedings then took place during the examination in chief of such witness: "Q. Were the other bottles that you had in similiar packages to this? A. They were all—— Q. That is the other quart packages? A. Yes, sir; similar packages, exactly. BY MR. LANDIS: We offer this in evidence, May it please your Honor to be filed as an exhibit in this case. BY MR. PARKER: I object to it; it has not been shown that it is intoxicating liquor at all, sir. BY THE COURT: Where is the mark on it—— BY MR. LANDIS: It is labeled Cream of Kentucky Whiskey— forty-five per cent. alcoholic strength—I guess it would intoxicate. Q. Do you know whether that is whiskey or not? A. Why it has the Government Seal on it—I think it is. BY MR. PARKER: I object to what the witness thinks and we object to the filing of the exhibit in evidence. BY THE COURT: The objection is overruled and exception is noted. File the bottle in evidence."

No error is made to appear here. See Danson v. State, 62 Fla. 29, 56 South. Rep. 677, wherein, following prior decisions of this court, we held as follows:

"The trial court is authorized to regulate the order of the introduction of evidence, and its discretion in such a matter, either in receiving or rejecting evidence, will not be interfered with by an appellate court, unless an abuse of such discretion is clearly made to appear.

The mere fact that proffered evidence is not full and complete within itself but forms only one link in the chain, so that it would have to be supplemented by other evidence in order to avail the party offering it, may not

29—Vol. 69.

render such evidence incompetent or inadmissible." We would also refer to our discussion in Reynolds v. State, 52 Fla. 409, 42 South. Rep. 373.

The second assignment is as follows: "The court erred in admitting in evidence over the objection of the defendant of the record of a prior conviction of defendant in the County Judge's Court, as said record fails to show a conviction of a like offense with which the defendant was charged in the indictment."

We are of the opinion that this error is not well assigned, as the record clearly shows that the defendant, Vander Brooks, had pleaded guilty to the charge of selling liquor in St. Lucie County, in the County Judge's Court in and for such county, which county had been shown to have voted against the sale of liquors, and that sentence had been duly imposed upon the defendant. This being true, there was no necessity for introducing the affidavit charging the offense to which the defendant pleaded guilty, as is now urged here by the defendant.

The third assignment reads as follows: "The court ered in sustaining the objection of the State to the question propounded by defendant's attorney to the City Marshal Coats, asking 'Have you ever seen the defendant in this community since that time until he was brought back here?'"

We find that W. L. Coats was introduced as a witness on behalf of the defendant and after having testified that he held the position of Marshal of the town of St. Lucie at the time the defendant was convicted in the County Judge's Court and after he had been examined in chief and also cross-examined, on the re-direct examination of

the witness the following proceedings were had: "Q. Do you remember the time of the conviction of this man in Judge Hemming's Court?    A. Yes, sir.    Q. Do you remember the sentence and the order of the court in regard to this man leaving the County?  A.  I was not at the trial; I asked Mr. Alderman what they did with him— Q. Have you ever seen this defendant in this community since that time until he was brought back here?  MR. LANDIS: We object to that it is an improper question incompetent, irrelevant and immaterial.    BY THE COURT:. The objection is sustained and the exception is noted."

We do not think that any error is made to appear here. Even if the witness had answered that he had not seen the defendant in the community subsequent to his conviction in the County Judge's Court that would not of itself have established the fact that the defendant had not been in such community. We do not see wherein the defendant was harmed by the ruling upon which the assignment is based.

The fourth assignment is based upon that portion of the general charge of the court numbered 10, which reads as follows: "The Court charges you that under the Laws of the State of Florida a sale of intoxicating liquors, wines, or beer contrary to the Laws of the State of Florida, may be proved by circumstantial as well as direct evidence and that the law of the State of Florida provides that when intoxicating liquors, wines or beer is found in any building, booth, tent or place in unreasonable quantities, that is quantities that would not be considered in reasonable amount for private use, that the finding of such intoxicating liquors, wines or beers in such unreasonable amount

and quantity is prima facie evidence of the selling of liquors contrary to the law."

Evidently this charge was based upon Section 3561 of the General Statutes of Florida, which is in the following language: "It shall be the duty of all sheriffs, deputy sheriffs, constables and police officers in their respective jurisdictions, and they are hereby authorized and empowered to enter any building, booth, tent or other place or part thereof, with or without warrant, in which they have good cause to suspect that spirituous, vinous or malt liquors are kept for sale, contrary to law, and to size the same and arrest the parties so engaged in such sales, and if such liquors in such quantities as to confirm the belief of illegal sales of the same be found in the building booth, tent, or other place, the same shall be prima facie evidence of the selling of liquor contrary to law: Provided, however, That this law shall not be so construed as to apply to persons keeping a reasonable amount of spirituous liquors in his private residence for private use."

A comparison of the charge complained of with such section shows that such charge fails to tell the jury that "if such liquors in such quantities as to confirm the belief of illegal sales of the same be found in the building, * * * the same shall be prima facie evidence of the selling of liquor contrary to law." It is obvious that this omission makes such charge defective and that by reason of which the rule of evidence announced in such statute is not correctly stated. For this error which in view of the evidence was harmful to the plaintiff in error, the judgment must be reversed. It becomes unnecessary to discuss the remaining assignments, which are mainly

based upon the overruling of the motion for a new trial, which questions the sufficiency of the evidence to support the verdict.

Judgment reversed.

TAYLOR, C. J., AND COCKRELL, WHITFIELD AND ELLIS, JJ., concur.