# Thomas v. The State.

## *Violating Prohibition Law.*

(Decided April 20, 1915.    Rehearing denied May 11, 1915.
68 South. 799.)

1. *Witnesses; Examination.*—A question to a state witness, "Tell the jury just what you did, and what you found at this time and place," referring to a time when the witness, as an officer of the law, had searched defendant's store, and found whisky and gin, was not objectionable as being too general and indefinite; nor was the question objectionable as assuming the fact that the witness found something.

2. *Intoxicating Liquors; Evidence.*—It is competent for the state to prove that on the premises, in the same enclosure with defendant's store where prohibited liquors were found, and only a few steps away, there was a quantity of empty bottles and beer barrels ; these circumstances, in connection with other evidence of the keeping of prohibited liquors being proper for the consideration of the jury on the question whether such liquors were kept with the intention of violating the prohibition law.

3. *Same.*—Where a state's witness assisted in the search of defendant's store, he was properly permitted to identify bottles labeled gin and whisky, as those found in such store, as an ordinary trade label on an article is competent evidence for the purpose of indicating its nature and contents as against the person in possession ; the inference as to its contents being a question of fact for the jury.

4. *Same.*—Intoxicants found in defendant's place of business, a store, were admissible in evidence against him.

5. *Same.*—Where the record and evidence conclusively shows that defendant was being prosecuted for keeping liquor for sale, although

[Thomas v. The State.]

the judgment entry, the bill of exceptions and the warrant and affidavit upon which defendant was tried, referred to the charge in general language as being one for selling liquor, the question of defendant's guilt of the charge, was a question for the jury.

6. *Same.*—Where defendant had prohibited liquors in his store, which store was not used exclusively as a dwelling place, that fact was prima facie evidence that defendant kept such liquor for sale, or with the intention to sell it contrary to law.

7. *Charge of Court; Reasonable Doubt.*—A charge asserting that if one single thing or fact proved to the jury's satisfaction, was inconsistent with defendant's guilt, it was sufficient to raise a reasonable doubt calling for an acquittal, was invasive of the province of the jury, as well as misleading.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Marion Thomas was convicted of violating the prohibition law, and he appeals. Affirmed.

See, also, 68 South. 549.

The oral charge excepted to is as follows: If you find from the evidence, beyond a reasonable doubt, that the defendant had in his store prohibited liquors, such as whisky and gin, and that said store was not used exclusively as a dwelling place, this would be prima facie evidence that he kept said whisky and gin for sale, or with the intent to sell the same, contrary to law. Charge refused to defendant. If there is one single thing or fact proved to your satisfaction which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt of his guilt, and you should acquit.

WERT & LYNNE, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was convicted of violating the law to suppress the evils of intemperance.

(1, 2) There was no merit in the defendant's objection to the general question propounded to the state's wit-

ness McCulloch to "tell the jury just what you did and what you found at this time and place," referring to an occasion that the witness had stated was on the 27th of December, 1913, when the witness, as an officer of the law, in company with another named officer, searched the store of the defendant and found certain quantities of whisky and gin. The question was not objectionable as being too general or indefinite, nor as assuming that the witness found something when making the search (the grounds of objection offered), and the court properly overruled the objection to the question and refused to exclude the answer of the witness.

(3) It was competent for the state to prove that on the premises in the same inclosure, and but "a few steps" from the store of the defendant, where the prohibited liquors were found, there were a quantity of empty whisky barrels and beer bottles. Evidence of having this quantity of whisky barrels and beer bottles on the premises with which the defendant was connected, and which were under his control, was a circumstance properly to be considered by the jury in connection with the other evidence, showing that he had prohibited liquors in his store on the same premises for the purpose of shedding light on the purpose or intent with which the prohibited liquors in the store were kept by the defendant; it being a material issue in the case whether the liquor was kept by the defendant in his store in violation of the prohibition law.—See *Watson v. State,* 8 Ala. App. 414, 62 South. 997.

(4) There was no error in the court's permitting one of the state's witnesses, who engaged in the search, to identify the bottles labeled "gin" and the bottles labeled "whisky" as those found in the defendant's store. An ordinary trade label placed on an article in the usual

manner, for the purpose of indicating its nature and contents, is competent evidence thereof as against the person in possession, and the inference of the contents corresponding to the label becomes a question for the jury.—*Kennedy v. State,* 182 Ala. 10, 62 South. 49.

(5) It was not error to admit in evidence the intoxicants found in the defendant's place of business.—*Harris v. State,* 9 Ala. App. 87, 64 South. 352.

(6) The judgment entry refers to the charge against the defendant in general language as being for "selling liquor contrary to law," and the recitals in the bill of exceptions in the same general language refer to the solicitor's having elected to prosecute on one of the charges for "selling intoxicating liquor contrary to law." The warrant and affidavit upon which the defendant was arrested and tried contain but one count, charging that the defendant "sold, offered for sale, kept for sale, or otherwise disposed of" the designated prohibited liquors. The evidence, the charge of the court, and the entire proceedings shown by the record conclusively show that the defendant was being proceeded against on the charge of keeping for sale, and the election could mean nothing else, in this state of the record, than that the charge against the defendant was generally referred to as one for "selling liquor," and that the state, as shown by the whole evidence and entire proceedings, was seeking a conviction and elected to proceed against the defendant on but one of the charges contained in the single count, and the record affords no room for a conclusion that this election had reference to any other charge than the charge that defendant "kept for sale" prohibited liquor.

There was ample evidence to submit to the jury the defendant's guilt of this charge, as set out in the affi-

davit, and upon which he was tried, and the court properly refused the general charge requested by the defendant.

(7) That part of the oral charge to which an exception was reserved correctly states the law.—Acts 1909, p. 64, par. 4.

(8) Former cases of the Supreme Court, followed by this court (see *Walker v. State,* 153 Ala. 31, 45 South. 606; *Kirkwood v. State,* 3 Ala. App. 15, 57 South. 504; *Doty v. State,* 9 Ala. App. 12, 64 South. 170), approving charges similar in substance and effect, if not in the exact language, of the requested instruction refused to the defendant, have in effect been overruled on this point by the late case of *Ex parte Davis,* 184 Ala. 26, 63 South. 1010, where substantially the same charge is condemned and its refusal held not to be error.

Affirmed.