(86 South. 213)

### Ex parte STATE.

### ROBINSON v. STATE.

### (8 Div. 207.)

(Supreme Court of Alabama. Dec. 18, 1919.)

**Criminal law ☞1111(2)—Judgment entry did not conclusively show election by state.**

Where indictment charged offense of selling prohibited liquors and other infractions of the prohibition law, and on appeal it was decided that there was not sufficient evidence to sustain the charge of selling liquors, but sufficient evidence as to the other charges, Court of Appeals erred in holding that a recital in the judgment of the trial court that the defendant was arraigned upon an indictment "for the offense of selling liquor" conclusively showed that state elected to prosecute that one offense, in view of Acts 1915, p. 30, § 29½.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Certiorari to Court of Appeals.

Certiorari on behalf of the State of Alabama to the Court of Appeals to review and revise the judgment of said court, rendered in the appeal of Robinson v. State of Alabama, 86 South. 927. Writ granted, and reversed and remanded.

J. Q. Smith, Atty. Gen., and Horace Wilkerson, Asst. Atty. Gen., for the State.

The appellate court was in error in holding that the state had elected to prosecute the defense of selling liquor. 13 Ala. App. 246, 68 South. 799; 69 South. 1020; section 7565, Code 1907; 14 Ala. App. 638, 72 South. 293.

Cooper & Cooper and R. E. Smith, all of Huntsville, for appellee.

The defendant was entitled to a directed verdict. 172 Ala. 603, 55 South. 801; 15 Ala. App. 216, 72 South. 769.

GARDNER, J. By this proceeding the state of Alabama seeks a review of the decision of the Court of Appeals in the case of Robinson v. State of Alabama, 86 South. 927, wherein the judgment of conviction was reversed.

The opinion of the Court of Appeals discloses that the indictment against the defendant charged in different counts the offense of selling prohibited liquors, as well as other infractions of the prohibition law. The Court of Appeals held there was no evidence to sustain the charge of selling liquor, but there was evidence sufficient to sustain a conviction of other violations of the provisions of the statute which were contained in said indictment, and that, as the judgment entry contained the recital that the defendant was arraigned upon an indictment "for the offense of selling liquor," this recital alone conclusively showed an election on the part of the state to prosecute for that one offense, and therefore the affirmative charge was due defendant.

We do not agree with this construction of the judgment entry. In section 29½ of the Acts of 1915, p. 30, it is provided that, in the complaint, indictment, or affidavit for selling, offering for sale, keeping for sale, or otherwise disposing of spirituous, vinous, or malt liquors, it is sufficient to charge that the defendant sold, offered for sale, kept for sale, or otherwise disposed of such spirituous, vinous, or malt liquors contrary to law; and section 30 expressly provides that such indictment may set out several charges in separate counts, and the accused may be convicted and punished upon each one as upon a separate indictment.

We are of the opinion that, in view of the recitals of the statute in regard to indict-

ments in cases of this character, the recitation of the judgment entry should be construed merely by way of description, in a very general manner, of the charge upon which the defendant was being tried, and not as showing that an election had been made by the state. This question was considered in Thomas v. State, 13 Ala. App. 246, 68 South. 799, and it was there held that such a general recital in the judgment entry did not constitute an election, but was by way of description only, and that the affirmative charge was properly refused. This case was before this court on petition for certiorari, and the writ was denied. Ex parte Thomas, 193 Ala. 682, 69 South. 1020. In our opinion, the above authority militates against the conclusion reached by the Court of Appeals in the instant case, and is decisive thereof. The writ will therefore be granted, and the judgment of reversal set aside, and the cause remanded to the Court of Appeals for further proceedings therein.

Writ granted. Reversed and remanded.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and THOMAS, JJ., concur.