LES BRYANT v. STATE.

158 So. 167.
Division B.
Opinion Filed December 17, 1934.

*E. M. Knight,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case plaintiff in error was convicted of manslaughter on trial under an indictment charging him as principal in the second degree to murder in the first degree.

The plaintiff in error states in what he terms four questions involved for our determination as follows:

"1. After the State and the defendant have rested, may the State recall for further cross examination the defendant's witness for the purpose of laying a predicate for the introduction of new rebuttal testimony which is prejudicial to the defendant?

"2. Should the lower court have granted defendant's motion for a mistrial?

"3. Did the evidence in the case justify a verdict of manslaughter?

4. Should the defendant in this case have been given a new trial?"

As to the first stated question it appears that the court after the defendant had rested its case, allowed a defendant's witness to be recalled for the purpose of laying a predicate for impeachment.

The ruling on this question was within the sound discretion of the court and we find no abuse of that discretion disclosed by the record in this case. See Brooks v. State, 69 Fla. 446, 68 Sou. 446; Charles v. State, 58 Fla. 17, 50 Sou. 419; Pitman v. State, 51 Fla. 94, 41 Sou. 385.

The second stated question challenges the action of the trial judge in denying defendant's motion to order a mistrial. The motion to direct a mistrial was in the following language:

"Comes now the defendant, Les Bryant, by his counsel and moves this Court to declare a mistrial in this cause because of the prejudicial testimony of the witness, Charles D. Martin, in said cause, which was permitted to go to the jury without any sufficient and legal predicate being laid for same, and because this defendant has been prejudiced without his fault and without the fault of the court, by the juror, William A. Smith, stating to the court, in the presence of the jury, that he desired to ask certain ques-

674

tions with reference to certain matters, to-wit, as to how the stock of the gun was broken and whether or not there was any bullet holes in the automobile driven by the defendant; that such testimony and such actions and such testimony of the witness Martin and the actions of the juror, Smith, have created such a prejudice in the minds of the jury that they cannot render a fair and just trial in this cause."

The court overruled the motion. We find no error in the ruling.

The third question challenges the correctness of the ruling of the court denying motion for new trial on the sole ground that the evidence is not sufficient to sustain a verdict of manslaughter. It is sufficient to say that there was substantial evidence to sustain the verdict.

The fourth question as stated presents no question of law for this Court to determine except as to whether or not the record as a whole warrants a conviction. We think it does. Therefore, the judgment should be affirmed and it is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS, and TERRELL, J. J., concur in the opinion and judgment.