163 So. 656

## MATNEY v. STATE.

### 8 Div. 156.

Court of Appeals of Alabama.
June 25, 1935.

Rehearing Denied Aug. 27, 1935.

Bradshaw & Barnett, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The defendant moved the court for a continuance of the case for the purpose of allowing the defendant to obtain a witness or witnesses to rebut expert testimony, which defendant anticipated would be offered by the state. This motion was overruled. The decision in this matter was in the discretion of the court, and in the absence of abuse of this discretion, the action of the court in refusing the motion

528

will not be reviewed. Alabama & Southern Digest, Vol. 9, Criminal Law, ⊕1151.

 The defendant had a right under section 8662 of the Code of 1923 to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case, and, under the direction of the court, to examine said jurors as to any matter that might tend to affect their verdict. Acting under this section, defendant examined one juror at some length touching his predilections concerning beer and the testimony of experts, all of which questions were allowed. The witness was then asked: "If the only evidence in this case as to the alcoholic content of any beer introduced by the State in evidence was that of the expert witness Hibbitt, would you feel that you were bound by it?" This was not a question within the range of the investigation authorized by the statute and called for an answer committing the juror to a conclusion on the facts, without a consideration of the whole testimony, or the demeanor of the witness on the stand. The court did not err in its rulings on these questions.

The officers found in defendant's place of business eleven cases of beer in bottles upon which were labels reading "Vienna Style—Old Rip Beer" around the neck of the bottle and a band around the bottle reading "Old Rip Beer, Contents 12 fluid ounces. Tax paid at the rate prescribed by International Revenue Law, District No. 7. Permit U705A. Indiana Permit No. 17. Contents not more than 9 per cent. proof spirit by volume. Southern Indiana Ice & Beverage Company, Incorporated, New Albany, Indiana. Indiana Permit No. 17. Copyright 1933." One of these bottles, with its contents, was introduced in evidence over the objection and exception of defendant, after the witness Hibbitt, who was qualified and testified as an expert that he had analyzed a part of the contents of the bottle, that it was beer suitable to be used for beverage purposes and contained 3 per cent. of alcohol, and after the deputy had testified that he knew beer and that the entire eleven cases contained beer. There was no error in admitting this evidence. Taggett v. City of Tuscaloosa, 12 Ala. App. 617, 67 So. 780; Thomas v. State, 193 Ala. 682, 69 So. 1020; Zorn v. State, 20 Ala. App. 404, 102 So. 722; Allen v. State, 20 Ala. App. 467, 103 So. 712; Brooks v. State, 69 Fla. 446, 68 So. 446.

As a matter of fact, all of the bottles of beer found in defendant's place of business and a part of his stock in trade, together with the labels on them, were admissible in evidence. The labels on the bottles purporting to describe their contents and its character, are an admission by the defendant of the statement there written or printed. The court, in his charge, excluded this evidence, but as we see it, there was no necessity for such exclusion. A merchant handles an article of merchandise inclosed in a package branded and labeled so and so; he thereby represents that the package contains the article and of the quality and class as branded. So with the bottles of beer in this case, the contents, bottles, and labels were all admissible in evidence.

Charges refused to defendant were either bad or covered by the oral charge of the court and the written charges given at the request of defendant.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.