173 So. 490

### CUSIMANO v. STATE.

### 7 Div. 231.

Court of Appeals of Alabama.

March 2, 1937.

Rehearing Denied March 23, 1937.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb and John J. Haynes, Asst. Attys. Gen., for the State.

L. B. Rainey and Jas. D. Giles, both of Gadsden, for appellant.

SAMFORD, Judge.

The State's case depends upon the testimony of the witness H. L. Swann, who testifies that he knows the defendant, and that on a morning some time in March, 1935, he saw the defendant in possession of some whisky on that day in Gadsden, Ala., between 6 and 8 o'clock in the morning; that according to his best recollection it was in March, 1935; that he did not know what kind of whisky it was; it was just labeled liquor; that it was bonded whisky; that witness did not smell it; that it was bottled and labeled; that the color was reddish looking; that witness carried it to the city hall in Gadsden and does not know what became of it afterwards; that to his best recollection it was in a dishpan; that there was between twenty and twenty-five bottles, part of which were pints and a part of which were half-pints; that when witness saw the defendant in the back room of a storehouse he accosted defendant and defendant said, "You caught me"; that the defendant had the whisky in the dishpan and

had just set it down when he made that remark; that before defendant made the remark, "You caught me," defendant had the whisky in the pan and was carrying it. On cross-examination the witness Swann went into an extended and detailed statement of the location of the building in which the whisky was found, especially with reference to the distance from defendant's place of business, showing that the two buildings were from two to four feet apart.

 The principal insistence of appellant is that the court erred in refusing to give at his request the general affirmative charge on the theory that there was no evidence from which the jury could conclude that the contents of the bottles found in possession of the defendant contained whisky. We know, as a matter of common knowledge, that whisky is an alcoholic beverage and its possession is in violation of the prohibition law. That these bottles, testified to by the witness Swann, containing whisky was a question for the jury. The witness testified that the contents was reddish looking; that it looked like whisky; that it was in pints and half-pint bottles; that it was in bonded packages and labeled whisky. This was sufficient testimony to go to the jury upon that question. Aside from the direct testimony of the witness Swann that the contents of the bottles was whisky, the evidence is without dispute that it was so labeled.

The general rule as stated by Summerville, judge, in Kennedy v. State, 182 Ala. 10, 62 So. 49, 52, is: "The correct theory of the matter, however, is that inscriptions designedly placed on bottles, boxes, or other packages, in the ordinary way, for the obvious purpose of indicating their nature or contents, may in general be regarded as competent evidence thereof, at least against those persons who have such objects in their possession, or who dispense them to others. Their external indicia are some evidence, stronger or weaker according to accompanying circumstances, of their internal contents."

Bottles of the size and shape ordinarily and commonly used as containers for whisky, filled with liquid which looks like whisky and with labels on the bottles indicating that the contents is whisky, is evidence against the party in possession that the bottles do so contain the prohibited liquor. Thomas v. State, 13 Ala.App. 246–248, 68 So. 799.

A sufficient answer to the exceptions reserved to the testimony of the witness O'Bannon is that after this testimony was all in the court excluded the entire testimony, thereby curing any error which might have been theretofore committed.

After the witness Ben Handy had testified on behalf of the State, the defendant moved to exclude his testimony on the ground that the whisky testified about was not connected with the whisky testified to by the State's witness Swann. Under all of the facts in this case it was a question for the jury to say whether or not the whisky was so connected.

Other questions have been examined, as is required by the statute, but we find no reversible error in any of the rulings of the court.

The judgment is affirmed.

Affirmed.