22 So.2d 901

**WOODS v. STATE ex rel. KEY, Solicitor.**

**8 Div. 320.**

Supreme Court of Alabama.

July 26, 1945.

---

[1] 246 Ala. 639.

Reuben L. Newton, of Jasper, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and MacDonald Gallion, Asst.' Atty. Gen., for appellee.

SIMPSON, Justice.

Code 1940, Title 29, § 247, rendered the automobile of appellant subject to condemnation in having been used for the illegal transportation of prohibited liquors or beverages in Franklin, a dry county.

The evidence is without dispute that appellant was conveying bottles of beer in the vehicle, on one of the city streets of Russellville.

The statute in defining liquors and beverages which are prohibited in dry counties includes among them "beer * * * and other brewed or fermented liquors and beverages by whatever name called; [and] * * * all * * * beverages made in imitation of or intended as a substitute for beer," etc. Code 1940, Title 29, § 93.

Under the extant statute then, beer is a prohibited beverage and the question of its alcoholic content is immaterial as an issue in the case, nor need it contain alcohol at all. It is a prohibited liquor or beverage if within the description and classification of the cited statute.

The proof was without conflict that the bottles contained beer and were so labeled. The defendant testified that he had drunk the contents of two bottles of the same kind of beer and that it tasted like beer, that he had bought it for beer, and had drunk it for beer.

This was entirely sufficient to establish that it was a prohibited liquor or beverage within the meaning of said statute, the pos-

session and transportation of which in a dry county are proscribed.

 Aside from appellant's own admission that the bottles contained beer (Booker v. City of Birmingham, 23 Ala.App. 312, 125 So. 603, certiorari denied 220 Ala. 443, 125 So. 604), and similar testimony of the raiding officers, the labels on the bottles were competent evidence as against the appellant in possession, as to the nature and contents, making the issue a question of fact for the decision of the trial court. Kennedy v. State, 182 Ala. 10, 62 So. 49; Thomas v. State, 13 Ala.App. 246, 68 So. 799; Matney v. State, 26 Ala.App. 527, 163 So. 656, certiorari denied 231 Ala. 70, 163 So. 657; Cusimano v. State, 27 Ala.App. 407, 173 So. 490.

The fallacy of appellant's contention for error may be pointed out in the following, succinct statement of his able counsel in brief: "The fact that the labels said 'beer' and that the bottles showed no evidence of having been tampered with, is not conclusive evidence either that the contents were true to the label or that the bottles had not in fact been tampered with."

 The burden of proof by the State in such a proceeding is to establish, not conclusively, but to the reasonable satisfaction of the trier of fact, here the court, that the beverage or liquor was a prohibited one.

Manifestly, as indicated above, the evidence was sufficient to this end, justifying the decree below and necessitating its affirmance here.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.