81 So.2d 926

**Grady KILPATRICK**

v.

**STATE.**

6 Div. 88.

Court of Appeals of Alabama.

Aug. 9, 1955.

Tweedy & Beach, Jasper, for appellant.

John Patterson, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Edmon L. Rinehart, Montgomery, of counsel, for the State.

HARWOOD, Presiding Judge.

This appellant has been convicted for the illegal possession of prohibited beverages.

The record below is voluminous, though virtually free of invoked rulings by the court.

Stripped of much of its repetition the evidence presented by the State tends to show that from about noon to about 5 p. m. five Walker County law enforcement officers secreted themselves on a slough opposite the fishing camp operated by appellant, the slough being estimated to be from 100 to 185 yards wide.

A ramp ran into the slough at the fishing camp. The appellant was observed to go onto the ramp, reach into the water and take up two cans that appeared to be beer cans. One of these he drank from and handed the other to a man identified as Argent. Later the appellant was seen taking two more cans from the water which he gave to two men in a boat. These men were later identified as being Sanford and House. These men were observed to drink from the cans, and throw them into the water.

About 5:00 p. m. the officers paddled across the slough, retrieving on the way two empty Miller High Life beer cans which were still floating on the water.

Going to the place where appellant had been seen taking the cans out of the water they found a carbide can submerged in the water. Upon pulling the carbide can out of the water they found it contained eleven cans of Miller High Life beer.

The appellant denied that he had any connection with the beer the officer pulled out of the water or that he knew it was there. He stated he had seen Argent, Sanford, and House that afternoon and had talked with them and had obtained for them a soft drink from his house, but no beer.

Argent, Sanford, and House also testified that they had obtained no beer from the appellant on the afternoon in question.

All of the above of course merely raised a question of fact solely within the province of the jury to determine. Clearly if the evidence presented by the State be believed by the jury under the required rule, it was sufficient to establish appellant's possession and guilty scienter of the beer. Evans v. State, ante, p. 45, 78 So.2d 315.

Counsel for appellant argue in their brief that appellant was entitled to have given his requested general affirmative charge with hypothesis, in that, they argue the State failed to prove the contents of the cans, if any, and that the State's evidence merely tends to show that the officers found some beer cans.

We do not attach merit to this argument. As to the contents of the carbide can the officers testified variously that they found therein "eleven cans of beer," or "eleven cans of Miller's beer" or "eleven cans of Miller's High Life beer." In referring to the cans floating on the water they described such as being empty beer cans.

Certainly in every day language a reference to "eleven cans of beer" can only rationally be deemed to mean that the cans contained a beverage, and such reference did not mean empty beer cans.

The appellant himself testified as to the beer found by the officers. His testimony was directed toward a denial of any knowledge of the beer, and not toward establishing that the cans found were only empty cans.

This being so, the labels on the cans showing them to be Miller's High Life beer were competent evidence as to the contents, making such issue a question of fact for the jury, and was sufficient to support the verdict in this aspect. Woods v. State ex rel. Key, 247 Ala. 155, 22 So.2d 901.

Charge 7 was properly refused, it being elliptical and argumentative and misleading.

Charge 9 was properly refused. Such charge has been disapproved in innumerable cases, the citations being set forth in Hannon v. State, 34 Ala.App. 173, 38 So.2d 26.

The remaining requested charges which were refused by the court were refused without error in that they were either affirmative in nature or were covered by other requested charges which were given, or by the court's oral charge, or they were faulty in one or more aspects.

Affirmed.