This is a vehicle condemnation case.
The state sought to condemn a particular 1975 Ford Thunderbird automobile under allegations that it was used during the illegal sale of a controlled substance, marijuana. A summons was issued to Tucker and, after being served with process, he filed an answer which denied each allegation of the complaint. An ore tenus trial before the court resulted in a final order of condemnation of the car. Tucker appealed and raises two issues.
 I.
The only witness to testify was Lance Monley, whose first job in law enforcement was with the police department of the city of Bay Minette. For two years during that period of time, he worked for the sheriff of Baldwin County as an undercover agent. His employment for the next two years was as a narcotics investigator for the sheriff's department. *Page 313 
While Monley had previously seen Tucker, he first conversed with him on July 16, 1982 in Fairhope, Alabama. After a "local guy" told Monley to talk to Tucker, the investigator had gone to the Orange Street Pier and Tucker drove there in the Thunderbird. When Tucker parked, the officer went to the driver's side of the Thunderbird where Tucker was sitting and informed Tucker that he wanted to buy a sack of marijuana; whereupon Tucker handed him a sack of marijuana and Monley paid Tucker $25 for it.
During the four year period when he had been either an undercover agent or a narcotics investigator, Monley had made over one hundred purchases of substances that appeared to him to be marijuana and which had later been proven in fact to be marijuana. He testified that he was familiar with the appearance of marijuana, was familiar with its odor, and was familiar with the manner in which it was packaged for sale. He stated that the marijuana which he purchased from Tucker for $25 was packaged in a plastic bag, a sandwich-type bag, which is standard method of packaging. Those facts and opinions were given without objection.
The 1975 Thunderbird bore tag number BHZ 718, which was issued to Tucker.
In his brief Tucker contends through able counsel that Monley's evidence was inadequate proof that the contents of the sack was a controlled substance, that the term "marijuana" is limited to Cannabis sativa L. under the code and that the state made no effort to prove that the sack contained the substance.
Here, the complaint used the term "marijuana" and the experienced officer unequivocally identified the substance in the sack as being "marijuana." It has been held that once a positive identification has been made that a substance is "marijuana" no proof of the chemical content of the substance is necessary. Winnings v. State, 370 So.2d 323, 328
(Ala.Cr.App.), cert. denied, 370 So.2d 329 (Ala. 1979). This is because tetrahydrocannabinols, a schedule one controlled substance commonly called THC, embraces chemically that which is covered by the word "marijuana." Haynes v. State,54 Ala. App. 714, 312 So.2d 406 (Ala.Cr.App. 1975).
This is a civil condemnation case. The burden of proof upon the state is to establish, not beyond a reasonable doubt, but to the reasonable satisfaction of the trier of fact — the trial court in this instance — that the substance was marijuana. Woods v. State, 247 Ala. 155, 22 So.2d 901 (1945); §20-2-93 (a)(4)(d)(1), Code 1975.
In Jenkins v. State, 46 Ala. App. 719, 248 So.2d 758
(Ala.Cr.App. 1971), a possession of marijuana case, it was stated:
 "Based on the appellate records of marijuana trials brought to this court we know that, except in the case of the defendant's admission, the practice of the prosecution has been to produce either a chemical analysis or the opinion of a witness who has seen or studied marijuana. Hence we conclude that this is a realm requiring opinion evidence. See Cano v. State, Tex.Cr.App., 450 S.W.2d 646; State v. Emmett [77] Wash. [2d 520], 463 P.2d 609 (h.n. 5); People v. McLean, 56 Cal.2d 660, 16 Cal.Rptr. 347, 365 P.2d 403; Miller v. State, 168 Tex.Crim. R., 330 S.W.2d 466.
 "A witness is not qualified as an expert unless there is proof or a stipulation that he is familiar with the subject upon which he is asked to give an opinion. The qualification may come from study, practice, experience or observation of a given subject. The predicate is addressed to sound judicial discretion so as to lead to the conclusion that the witness knows more than an ordinary witness about the field. See Ala. Digest, Criminal Law Key 478."
Those rules here apply.
As to whether a particular witness is allowed to testify as an expert is largely a matter for the exercise of the judicial discretion of the trial court, whose decision in that regard will not be reversed upon appeal unless it was palpably wrong. C. Gamble, McElroy's Alabama Evidence, *Page 314 
§ 127.01 (5) (3d ed. 1977). Under the evidence, Officer Monley possessed such knowledge, skill, and experience that his opinion on the matter would shed light upon the issue of whether the substance was marijuana, and the trial court, in its discretion, properly permitted Monley to give his opinion upon the subject. The weight to be given to that opinion was a matter for the trial court in this nonjury trial and we find no error in that regard.
An adequate positive identification was made by his opinion evidence that the substance was marijuana. The evidence of Monley, if it reasonably satisfied the trial court, was sufficient proof that Tucker used his 1975 Thunderbird to transport a controlled substance for the purpose of the sale by him of that substance. Accordingly, the vehicle was subject to forfeiture under section 20-2-93 (a)(5), Code 1975.
 II.
It is required that forfeiture proceedings be instituted promptly. Kirkland v. State, ex rel. Baxley, 340 So.2d 1121,1126 (Ala.Civ.App. 1976), cert. denied, 340 So.2d 1127 (Ala. 1977); § 20-2-93 (c), Code 1975.
Tucker complains that the state's failure to commence these proceedings for more than six months after the seizure of the automobile violated that statute and unconstitutionally deprived him of his vehicle.
That issue was not raised in the trial court in any manner and is presented as an issue for the first time on this appeal. Unless there is an absence of jurisdiction over the subject matter, appellate courts will not consider constitutional challenges which were not presented to the trial court. Woodhamv. Woodham, 387 So.2d 150 (Ala. 1980); Gamble v. Gamble,53 Ala. App. 168, 298 So.2d 254 (Ala.Civ.App. 1974); Rule 12 (h)(1) and 12 (h)(3), Alabama Rules of Civil Procedure; 2 Ala.Dig.,Appeal Error Key No. 170 (2). Due process objections, pleadings, and any evidence which might be offered by the state as to the necessity for a delay or by the defendant as to any damage or prejudice which was caused by the delay should have been presented and evaluated at the trial court level. Such was not done in this case in any manner. Therefore, there was no adverse ruling of the trial court which we can review. Rountreev. Sanders, 413 So.2d 1159 (Ala.Civ.App. 1982). Accordingly, we are precluded from a consideration of this issue. Woodham v.Woodham, supra.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.